### No. 25920

**John Henry Zaba and Jack Dayton Work v. Motor Vehicle Division, Department of Revenue, State of Colorado**
(516 P.2d 634)

Decided December 10, 1973.

William Pehr, Perry W. Fox, for plaintiffs-appellants.

John P. Moore, Attorney General, John E. Bush, Deputy, James K. Tarpey, Assistant, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Appellants Zaba and Work in separate proceedings before the appellee (Motor Vehicle Division) had their driver's licenses suspended. In both cases, an accumulation of points derived from traffic violations was the basis for the suspensions which are authorized by statutory law.

1969 Perm. Supp., C.R.S. 1963, 13-4-23(1)(a) in pertinent part provides:

"The department shall have the authority to suspend the license of any operator or chauffeur who, in accordance with the schedule of points set forth in this section, has been convicted of traffic violations resulting in the accumulation of twelve points within any twelve consecutive months, or eighteen points within any twenty-four consecutive months, . . . ."

In the Zaba case, because of the dates of the administrative proceedings, the 1965 Perm. Supp., C.R.S. 1963, 13-4-23(1)(a) was the statute in force. However, it is identical with the pertinent part of the 1969 version quoted above which is the statute applicable in the Work case. For the purposes of this opinion therefore, we will refer only to the 1969 amendment.

Both Zaba and Work in separate cases appealed their license suspensions to the district court. In each case, the district court affirmed the suspensions. Zaba and Work, who are represented by the same attorney, thereupon initiated appeals to this court. Their cases have been consolidated in this court because of several constitutional issues common to both. We resolve all these issues and alleged errors in favor of the appellee and therefore, affirm the judgments in the district court.

I.

■ The appellants contend that 1969 Perm. Supp., C.R.S. 1963, 13-4-23(1)(a) is unconstitutional for the following reasons: It is overbroad in its terminology; it is vague and indefinite; and it contains standards which are unmanageable and uncertain. Thus, the appellants argue that this statute violates their rights to due process of law. The appellants also allege that the statute constitutes an unreasonable exercise of

the police power.

All of the appellants' arguments in this regard are directed against that portion of 1969 Perm. Supp., C.R.S. 1963, 13-4-23(1)(a) which is quoted in the second paragraph of this opinion. It is the appellants' position that when this part of the statute grants the Motor Vehicle Division authority to suspend the driver's license of any operator who has accumulated "twelve points within *any* twelve consecutive months, or eighteen points within *any* twenty-four consecutive months" (Emphasis added.), it is overbroad, vague, indefinite and thus, in violation of the appellants' constitutional rights of due process of law. They maintain that the authority delegated to the Motor Vehicle Division is an unbridled and unlimited power which actually grants that agency the power to suspend a driver's license for point accumulation in *any* prior period which the Motor Vehicle Division might delve up from the operator's past driving history. The appellants argue that the Motor Vehicle Division under the authority of this statute as it is worded could conceivably suspend a driver's license in 1972 for a point accumulation in 1942. These arguments by the appellants are without merit.

Legislative history clearly demonstrates that it was the intent of the legislature to authorize the Motor Vehicle Division to consider that period of time ending with the date of the last violation involved. In *Markham v. Theobald,* 152 Colo. 540, 383 P.2d 791 (1963), we held that an earlier version of this statute required that the 24-month period is to be computed from the anniversary date of the issuance of the driver's license and we specifically rejected the argument that the 24-month period could be "any" 24-months. After the announcement of the *Markham* opinion, the legislature amended the statute by inserting the word "any" to avoid the anniversary year requirement of the earlier statute as interpreted by this court. Clearly, it was the legislative intent to allow the computation of the time period to start from any month rather than from the anniversary date of the issuance of the license. The legislature did not intend by this

statute to empower the Motor Vehicle Division to delve back into the driving history of any operator for the purpose of suspending his license.

A statute should be given the construction and interpretation which will render it effective in accomplishing the purpose for which it was enacted. *In Re Questions Concerning 1965 Perm. Supp., C.R.S. 1963, 13-7-15 and 16,* 179 Colo. 270, 499 P.2d 1169 (1972). Also, a statute which is susceptible to more than one interpretation should be interpreted so as to render it constitutional.

A statute is presumed to be constitutional unless it is clearly shown otherwise. *Dunbar v. Hoffman,* 171 Colo. 481, 468 P.2d 742 (1970); *Asphalt Paving v. County Comm'rs.,* 162 Colo. 254, 425 P.2d 289 (1967). Here, the appellants clearly have not demonstrated that the statute involved here is unconstitutional nor that it was applied in an unconstitutional manner. It should be pointed out that neither of the appellants claim that the period during which they accumulated points involved a period other than a period which ended at the date of the last traffic violation involved in each record.

As to the appellants' allegation that this statute constitutes an unreasonable exercise of the police power, we reiterate what we have previously stated many times that an individual's right to use the highways of the state is an adjunct of the constitutional right to acquire, possess and protect property. This right, however, is not absolute. It may be limited by a proper exercise of the police power of the state based upon a reasonable relationship to the public health, safety and welfare. *Love v. Bell,* 171 Colo. 27, 465 P.2d 118 (1970) and *People v. Nothaus,* 147 Colo. 210, 363 P.2d 180 (1961).

Our holding in *People v. Brown,* 174 Colo. 513, 485 P.2d 500 (1971) has application here on the issue of reasonable use of the police power. We stated therein as follows:

"This Court, in recognizing that the regulation and control of traffic upon the highways has a definite relationship to the

public safety, expressly declared that the general assembly could establish standards of fitness and competence which a citizen must meet before he is entitled to exercise the right to drive upon the highways; and likewise, the general assembly may declare when by an abuse of that right or other just cause the right to drive may be curtailed and the license of a driver revoked. In other words, there is no constitutionally guaranteed illimitable right to drive upon highways."

In several other respects, the appellants have contended that either the statute or the procedures utilized in suspending their licenses violated the principles of due process. These contentions by the appellants and their arguments in support thereof are without merit and therefore will not be discussed.

II.

The driving records of Zaba and Work were placed in evidence at the separate hearings before the hearing officer of the Motor Vehicle Division. Both records showed convictions for traffic violations. These records showed that both appellants had accumulated more than 18 points within a 24-month period ending with the date of last violations involved. At separate hearings and as envisaged in 1969 Perm. Supp., C.R.S. 1963, 3-16-4(7), the hearing officer of the Motor Vehicle Division made findings that Zaba and Work had accumulated more than 18 points within the subject period and that based thereon, their licenses should be suspended.

It is the appellants' contention, as we understand the argument, that inasmuch as the attorney for the appellants challenged the accuracy of these records at the hearings, they may not be used as evidence unless and until the Motor Vehicle Division additionally verifies their accuracy. In this case, the mere statement of the appellants' attorney at the hearings cannot be viewed as evidence in the absence of any testimony or other records which might place in issue the accuracy of the records. Nor can these records be successfully challenged on the basis of the hearsay rule.

We held in *Campbell v. State, Dept. of Rev., Div. of Motor Veh.,* 176 Colo. 202, 491 P.2d 1385 (1971), that

these driving records are an exception to the hearsay rule and admissible as evidence in hearings before the Motor Vehicle Division. The principal objection to hearsay is that its trustworthiness may not be tested because the person who recorded the entry in the driving record is not before the agency to be cross-examined. However, the admissibility of these particular hearsay driving records as stated in *Campbell,* is grounded on the logical premise that since the documents are prepared in the ordinary course of governmental business, they are presumed to be accurate.

 Additionally, Zaba argues, in effect, that he is not guilty of the traffic violations shown on his record and therefore, in some manner he should be permitted to show this non-guilt on the merits before the hearing officer of the Motor Vehicle Division. The driving record involved clearly shows convictions in a court of law. Zaba has had his day in court and in no case may he relitigate the issue of guilt in the suspension hearing.

### III.

 Appellant Zaba alleges that the hearing on his license suspension was unreasonably delayed by the Motor Vehicle Division in violation of 1969 Perm. Supp., C.R.S. 1963, 3-16-4(10). This provision of the Administrative Code requires that

"Every agency shall proceed with reasonable dispatch to conclude any matter presented to it with due regard for the convenience of the parties or their representatives . . . ."

The Zaba record reveals that the Motor Vehicle Division sent notice to him on May 20, 1969, that a suspension hearing was scheduled for June 3, 1969. Thereupon, Zaba sought and obtained a continuance of this hearing on the ground that he was appealing his recent conviction in the county court for driving while under the influence of intoxicating liquor. Early in 1971, the district court affirmed Zaba's conviction. During the interim, the Motor Vehicle Division made many inquiries of the district court regarding the progress of this appeal. After the affirmance of Zaba's conviction, the Motor Vehicle Division made its seventh

inquiry in November 1971 at which time it was advised that Zaba's drunk driving conviction had been affirmed. Thereupon, the Motor Vehicle Division promptly scheduled Zaba's suspension hearing.

Although the time lapse between the original scheduling of the suspension hearing and the actual hearing involved a period of over two years, the delay was initiated at the behest of and for the convenience of Zaba. The record reveals that the Motor Vehicle Division diligently made inquiry regarding the appeal and acted promptly after being notified of the disposition of Zaba's appeal. Under these circumstances, we hold that there is not such an unreasonable delay as would warrant the reversal of the suspension order against Zaba by the Motor Vehicle Division.

IV.

Appellant Work maintains that the order of the Motor Vehicle Division was in fact an order of denial rather than an order of suspension. Therefore, he maintains that since the notice he received from the Motor Vehicle Division informed him that the scheduled hearing related to "suspension," its order denying him of the right to obtain a driver's license for a period of one year was invalid and should be reversed.

The record reveals that the hearing examiner for the Motor Vehicle Division found that Work had more than 18 points in the 24-month period. However, at the hearing, it was found that Work had not renewed his driver's license and that it had expired. Therefore, at the time of the hearing he, in fact, had no driver's license and accordingly, rather than order a non-existing license to be suspended for a period of one year, the hearing examiner ordered that he should not be granted a license for one year.

Appellant Work's contention, in our view, not only lacks merit but statutorily, the hearing examiner was authorized under these facts to enter an order of denial rather than an order of suspension. 1965 Perm. Supp., C.R.S. 1963, 13-4-3(3)(d) specifically provides for the denial of a driver's license as a supplement to suspension. In our view, this

statutory provision was designed to take care of a situation similar to that involved here.

Judgments affirmed.