# SEPTEMBER TERM, 1976

## No. 27103

**Jeffrey Perlmutter v. State of Colorado, Department of Revenue, Motor Vehicle Division, Joseph Dolan, Executive Director**

(554 P.2d 691)

Decided September 13, 1976.                    Rehearing denied October 12, 1976.

Berger & Rothstein, P.C., Lawrence B. Leff, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Arthur G. Staliwe, Special Assistant, for defendants-appellees.


*In Department.*

Opinion by MR. JUSTICE GROVES.


This is an appeal from a ruling of the district court which upheld a suspension by the Colorado Department of Revenue of appellant's driver's license for a period of twelve months. We affirm.

Our statute provides that, when a driver is convicted of certain traffic violations, he or she is assessed with a specified number of points, *e.g.*, improper backing, 2 points; improper turn, 3 points; failure to stop for school signals, 6; and driving while intoxicated, 12. Section 42-2-123, C.R.S. 1973.[1] This section commences as follows:

"The department has the authority to suspend the license of any driver who, in accordance with the schedule of points set forth in this section, has been convicted of traffic violations resulting in the accumulation of twelve points within any twelve consecutive month *or* eighteen points within any twenty-four consecutive months. . . ." (Emphasis added.)

Between the dates of December 23, 1971 and April 16, 1972, the appellant committed traffic violations for which he was subsequently convicted. As a result, he was assessed a total of 30 points. At a hearing held by the department of revenue on September 1, 1972, his license was

---

[1] The statute in substantially its present form was enacted as appears in 1965 Perm. Supp., C.R.S. 1963, 13-4-23. *See* amendment in 1969 Perm. Supp., C.R.S. 1963, 13-4-23.

suspended for a period of four months until January 19, 1973; and the suspension was lifted on the latter date.[2]

Between March 22, 1973 and April 23, 1973 the appellant committed traffic violations (of which he was later convicted), by reason of which he received an additional 7 points. At a hearing conducted by a hearing officer of the department of revenue on May 10, 1974, his driving privileges were suspended for a period of one year until May 9, 1975. The hearing officer ordered that the appellant might "request review in six months, to consider relief if proof received of having completed a Driver Improvement Course."

The record before us does not show any points assessed against the appellant for traffic violations, other than those which amounted to 30 and 7 points respectively. It appears from the record that the points of the appellant during the 24-month period preceding April 16, 1972 consisted only of the 30 points above mentioned.

## I.

The appellant contends that none of the 30 points used in his first suspension may be again used in connection with the second suspension. He makes almost the identical argument in another frame by asserting that the word "or", emphasized in the above quoted portion of the statute, shows an intent on the part of the general assembly to make the periods of 12 months and 24 months in the disjunctive; and, therefore, the suspension of a driver's privileges can be only for points accumulated in a 12-month period or a 24-month period, but not both.

We do not so gauge the legislative intent. We believe and hold that the legislative intent was to authorize two suspensions in an instance where during the first year the driver accumulated 12 points and in the second year the driver accumulated 6 more points. The Montana Supreme Court came to the same conclusion in *In Re France*, 147 Mont. 283, 411 P.2d 732 (1966). The obvious purpose of the statute involved is to protect the safety of the public. To interpret the statute as urged by the appellant would subvert the legislative purpose and resulting intent.

In *Zaba v. Motor Vehicle Division*, 183 Colo. 335, 516 P.2d 634 (1973), we stated:

"Legislative history clearly demonstrates that it was the intent of the legislature to authorize the Motor Vehicle Division to consider that period of time ending with the date of the last violation involved."

---

[2]The record of the September 21, 1972 hearing is not before us. Except for a transcript of his violations and convictions involved in both suspensions, our only information as to the 1972 suspension is from a statement made by the hearing officer at the appellant's May 10, 1974 hearing before the department of revenue. In his opening brief the appellant gives the same version of the 1972 suspension.

Since, in the 24-month period preceding April 16, 1972 the only points accumulated by the appellant were during the four months ending with April 16, 1972, the only possible basis for his first suspension was the acquisition of 12 points during the 12-month period ending with April 16, 1972. During the year immediately succeeding April 16, 1972 he was awarded 7 more points. Thus, he was subject to a second suspension of his license for 18 or more points resulting from violations occurring in a 24-month period.

Attention may be called to the following: Prior to the adoption of the point system in Colorado, the Colorado Legislative Council reported to the Colorado General Assembly that following a suspension of driving privileges and subsequent reinstatement of the driver's license a "driver shall be subject to further action if he accumulates sufficient points to reach the next suspension level in accord with 12 points in the first year, 18 points in the second year. . . ." Highway Safety in Colorado, Legislative Report to the Colorado General Assembly, Research Publication No. 26, December 1958.

## II.

The appellant asserts that the statute in question is unconstitutional by reason of vagueness. As we have already interpreted it in this opinion, it is apparent that it is not unconstitutionally vague in the respects to which the appellant draws attention. As mentioned in *Zaba v. Motor Vehicle Division*, 183 Colo. 335, 516 P.2d 634 (1973), a statute is presumed to be constitutional unless it is clearly shown otherwise. There has not been such a showing here.

## III.

The other arguments of the appellant are without merit, and we do not discuss them.

Judgment affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.