Governor Richard D. Lamm State Capitol Denver, Colorado 80203
Dear Governor Lamm:
QUESTION PRESENTED AND CONCLUSION
You have asked whether Senate Joint Resolution No. 3, if it is adopted by the Legislature but is not submitted to the Governor, or if submitted, is disapproved by him and not repassed by two-thirds of the general assembly, may have the legal effect of repealing certain rules and regulations promulgated by the Colorado Mined Reclamation Board.
My answer is "no."
ANALYSIS
The question arises because the Colorado Mined Land Reclamation Act, C.R.S. 1973, 34-32-101, et seq., as repealed and readopted in 1976, provides that the initial set of rules and regulations promulgated by the Board shall be submitted to the general assembly and further provided that rules of the Board are subject to disapproval, in whole or part, by the Legislature acting by joint resolution: ". . . The initial rules and regulations proposed to be promulgated by the Board under this article shall be submitted, with comment thereon as deemed appropriate, to the legislative committees of reference at the fifty-first general assembly. Such rules or any subsequent rules
promulgated under this article or amendments thereto shallbe in effect until and unless the general assembly, acting byjoint resolution, specifically disapproves all or any part ofthem, and only the portion of any rule specifically disapprovedshall no longer be effective." C.R.S. 1973, 34-32-108(2). (Emphasis added.)
A 1977 amendment to the Mined Land Reclamation Act repealed the above-quoted language, effective July 1, 1978, in favor of a reference to the State Administrative Procedure Act, 24-4-103, as follows: "All rules and regulations shall be subject to the provisions of Section 24-4-103, C.R.S. 1973." 1977 Colo. Sess. Laws, Ch. 443 at p. 1556.
The Administrative Procedure Act, as amended in 1976, provides that agencies shall submit their rules to the Legislature and any member of the general assembly may "introduce a bill" which rescinds or deletes portions of the rule, 1976 Colo. Sess. Laws, Ch. 108 at p. 583. Thus, under the State Administrative Procedure Act a rule remains in effect until it is rescinded or deleted by a bill which is subject to the Governor's veto.
The rules of the Mined Land Reclamation Board which are the subject of S.J.R. No. 3 were promulgated by the Board in May 1977 and were submitted as required to the First Regular Session of the fifty-first general assembly. The general assembly did not take action on the rules but rather, appointed an interim committee, composed of the House and Senate Committees on Local Government, to review the rules and report their findings and recommendations to the Second Regular Session of the fifty-first general assembly. Senate Joint Resolution No. 28, 1977 Colo. Sess. Laws, at p. 1955. S.J.R. No. 3, in its original form, was the product of the interim committee.
S.J.R. No. 3 proceeds under the color of legislative authority since the 1977 amendment to the Mined Land Reclamation Act, which repealed the provision for legislative action on the rules by joint resolution, is not effective until July 1, 1978. We conclude, however, that S.J.R. No. 3 is subject to a disapproval power in the Governor pursuant to the Colorado constitution.
First, as a matter of statutory law, the 1976 Mined Land Reclamation Act is silent as to whether or not the joint resolution to rescind a Board rule is subject to approval or disapproval by the Governor. A principle of statutory construction is that a statute is presumed to be constitutional and will be given a construction which accords with the constitution. C.R.S. 1973, 2-4-201(1)(a). In other words, a reading of the statute which would violate the constitution will be rejected if another reading would render the statute consistent with constitutional constraints. Duprey v.Anderson, 184 Colo. 70, 77, 521 P.2d 766(1974); Zaba v.Motor Vehicle Division, Department of Revenue, 183 Colo. 335,340, 516 P.2d 634 (1973).
With respect to a resolution requiring the concurrence of both houses, the Colorado constitution requires that the resolutionshall be presented to the Governor, and ifdisapproved, shall be repassed by two-thirds of both houses, as with a vetoed bill: "Every order, resolution, or vote to which the concurrence of both houses may be necessary, except on the question of adjournment, or relating solely to the transaction of business of the two houses, shall be presented to the Governor, and before it shall take effect, be approved by him, or being disapproved, shall be repassed by two-thirds of both houses, according to the rules and limitations prescribed in case of a bill." Colorado Const. Art. V, § 39.
In the words of the Colorado Supreme Court in a recent case involving a different provision of the constitution, this constitutional provision is "perfectly plain and emphatic."In re Interrogatories of the Governor Regarding CertainBills of Fifty-First General Assembly, (Colo.Sup.Ct. No. 27939, April 10, 1978).
The sole question to be determined is whether the rescission or deletion of a portion of a Mined Land Reclamation Board rule relates "solely to the transaction of business of the two houses," in which case presentation to the Governor for his approval or disapproval need not be made. If rescission or deletion of a rule is "legislative in character," presentation to the Governor must occur; the resolution need not be submitted to the Governor if it involves a matter of "formal procedure, in which matters, the Senate and House have exclusive control."Watrous v. Golden Chamber of Commerce,121 Colo. 521, 544, 218 P.2d 498 (1950).
Applying the Watrous case to this situation, there can be no doubt that delegation of rulemaking power to an agency, the promulgation of a rule by an agency, or the rescission of a rule by an agency or the Legislature is "legislative in character" and does not relate solely to the formal procedure of the two houses. A grant of rulemaking is a delegation of legislative authority to fill in the details of an enactment. See, e.g., Lloyd A.Fry Roofing Company v. The State of Colorado Department ofHealth, Air Pollution Variance Board, 179 Colo. 223, 228,499 P.2d 1176 (1972). The State Administrative Procedure Act defines a "rule" as: "The whole or any part of every agency statement of general applicability and future effectimplementing, interpreting, or declaringlaw or policy or setting forth the procedure or practice requirements of any agency." C.R.S. 1973, 24-4-102 (15) (emphasis added): As stated by the Colorado Supreme Court: "Administrative agencies act in quasi-legislative capacities when pursuant to legislative authority they enact rules or promulgate orders to carry out the purposes of the legislation."Shoenberg Farms, Inc., v. People ex rel., Swisher,166 Colo. 199, 209, 444 P.2d 277 (1968).
According to the 1976 Mined Land Reclamation Act, a Board rule is effective as a matter of law until the general assembly acts to rescind it by joint resolution. C.R.S. 1973, 34-32-108(2). Declaring a rule which has the force and effect of law to be of no further effect is "legislative in character," since it has direct and substantial effect outside of the Legislature itself upon those who are subject to, or derive rights from, the legal requirement which the Board adopted acting in its quasi-legislative capacity. In order to establish a constitutional construction of the Mined Land Reclamation Act provision for rescission of a rule by joint resolution, it must be presumed that the Legislature intended to submit such a resolution to the Governor for his approval or disapproval, and the general assembly must do so.
It should also be noted that only an Act may repeal an Act.Burciaga v. Shea, 187 Colo. 78, 84, 530 P.2d 408. Thus, any legislative action which has the effect of altering or repealing a prior statutory enactment may not be accomplished by the vehicle of a resolution. When the Legislature has granted the executive branch certain powers or imposed certain duties, it may not in the guise of a resolution take away, short of an Act, what it has established.
SUMMARY
In my opinion, the rules which are the subject of S.J.R. No. 3 are within the scope of the legislative authority given to the Board. The Governor is entitled in any disapproval message to state his opinion as to whether the resolution has the effect of removing or curtailing the grant of authority provided the Board by statute, and whether the resolution is a bill in disguise and violates separation of powers doctrine. See Watrous v.Golden Chamber of Commerce, supra,121 Colo. at 540. In a Governor's call session, a bill must be within the scope of the call. Burciaga v. Shea, supra,187 Colo. at 83-84. S.J.R. No. 3 is not within the scope of the call.
Very truly yours,
 J.D. MacFARLANE Attorney General
GOVERNOR LEGISLATIVE BILLS RULES AND REGULATIONS MINES AND MINING
C.R.S. 1973, 34-32-108(2) C.R.S. 1973, 2-4-201(a) C.R.S. 1973, 24-4-103
Colo. Const. art. V, § 39
EXECUTIVE BRANCH Governor, Office of
Senate Joint Resolution No. 3, if adopted by the Legislature but not submitted to the Governor or, if submitted, is disapproved by him and not repassed by two-thirds of the general assembly, may not repeal certain rules promulgated by the Colorado Mined Land Reclamation Board. SJR No. 3 is subject to a disapproval power in the Governor pursuant to the Colorado Constitution.