James D. Thomas State Court Administrator Colorado State Judicial Department Colorado State Judicial Building 2 East 14th Avenue Denver, CO 80203
Dear Mr. Thomas:
This is in response to your letter of September 13, 1979 in which you request an attorney general opinion regarding the effect of H.B. 1333 passed in the 1979 legislative session. H.B. 1333 amends C.R.S. 1973, 14-2-109(1) to add "retired judges" to the list of persons authorized to perform marriage ceremonies in the State of Colorado. Because you note that there are several ways in which judges can leave their judicial positions, you ask me to define for you the words "retired judge" as used in H.B. 1333.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
What judges are to be considered "retired judges" under H.B. 1333 so as to have their names included in the list of persons authorized to perform marriage ceremonies?
 It is my opinion that the term "retired judge" refers to a judge who appears to have voluntarily left his judicial position primarily in consideration of his age.[1] It does not include judges who have left office after losing a retention election or judges who have resigned solely to substitute other full-time employment irrespective of age.
ANALYSIS
In reaching this conclusion I have considered the relevant constitutional provisions, the provisions of C.R.S. 1973,24-51-601 et seq. (P.E.R.A.), and the fundamental rules of statutory construction.
Words in a statute are to be construed according to their generally accepted meaning. Harding v. IndustrialComm'n, 183 Colo. 52, 515 P.2d 95 (1973). The word "retired" usually refers to the status of having withdrawn from business or public life so as to live at leisure on one's income, savings or pension. American Heritage Dictionary of theEnglish Language. It does not encompass involuntary removal from office, as in losing a retention election, or resignation from the judiciary solely for the purpose of assuming other employment on a full-time basis without consideration of age. To include those situations in the category of "retired judge" would be to strain the plain meaning of the word "retired." "Forced, subtle, strained, or unusual interpretation should never be resorted to when statutory language is plain, its meaning is clear, and no absurdity is involved." Harding, 183 Colo. at 59.
I note that reference is made in C.R.S. 1973, 24-51-601 etseq. to the "retirement" of judges. In the context of that statute, which deals with P.E.R.A. benefits, the word "retire" is specifically used in connection with the right of an employee to receive certain benefits accruing to him through P.E.R.A. Although the statutory use of the word "retirement" is not inconsistent with the definition of "retired judge" as I have set forth, it does not appear that the legislature intended that a "retired judge" as the term is used in H.B. 1333 necessarily would be limited to one eligible for P.E.R.A. benefits. Thus, a judge who has served on the bench for four years and who voluntarily leaves office at the age of sixty-five is a "retired judge" within the meaning of H.B. 1333 although he would not be eligible for certain retirement benefits under C.R.S. 1973,24-51-607.
Because I construe the common meaning of the word "retired" to imply a voluntary act, I do not include in the definition of "retired judge" any person who has been ordered to retire by the supreme court upon recommendation of the commission on judicial qualifications. Colo. Const. art. VI, § 23(c) does state that a judge who is so ordered to retire by the court shall be retired with the same rights and privileges as if he retired pursuant to statute. This provision, however, refers to benefits otherwise accruing under P.E.R.A., and permits a judge who is forced to retire to collect any and all benefits he might have otherwise received.
If a judge who is otherwise qualified to be a "retired judge" as I have defined that term herein, has retired at the suggestion of the judicial qualifications commission but without the necessity for an order by the supreme court, he is, however, still to be considered a "retired judge" within the meaning of H.B. 1333. In reaching this conclusion, I considered not only the fact that the action of the judge still falls within the scope of a voluntary act, but also the fact that the confidential nature of the proceedings at that point would make it impossible to ascertain whether the judge's retirement was urged by the commission or not. A statute must be interpreted to achieve a result feasible of execution. C.R.S. 1973, 2-4-201(d); see Zaba v. Dept. ofRevenue, 183 Colo. 335, 516 P.2d 634 (1973).
SUMMARY
In summary, it is my opinion that the term "retired judge" as utilized in H.B. 1333 encompasses judges who appear to have voluntarily left their judicial positions primarily because of their age.
Very truly yours,
 J.D. MacFARLANE Attorney General
JUDGES JUDGES' RETIREMENT MARRIAGE AND DIVORCE
C.R.S. 1973, 14-2-109(1)
JUDICIAL BRANCH Administration Judicial Department
"Retired judge" refers to a judge who voluntarily left his judicial position in consideration of his age.
[1] Colo. Const. art. VI, § 23(1) requires that a judge retire upon attaining the age of seventy-two.