**Michael Kent LIVENGOOD, Plaintiff-Appellant,**

v.

**DEPARTMENT OF REVENUE, and State of Colorado, Defendants-Appellees.**

No. 79CA1054.

Colorado Court of Appeals, Div. I.

July 3, 1980.

Rector, Retherford, Mullen & Johnson, Anthony A. Johnson, Colorado Springs, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., Denver, for defendants-appellees.

KIRSHBAUM, Judge.

Plaintiff, Michael Kent Livengood, appeals a judgment of the trial court uphold-

ing the department's suspension of his provisional driver's license. We affirm.

Livengood was born on August 28, 1959. On November 7, 1977, the department suspended Livengood's minor driver's license pursuant to § 42-2-123(1)(a), C.R.S.1973, because Livengood had committed two traffic offenses for which he later was convicted: a four-point violation on June 14, 1976, and a twelve-point violation on June 18, 1977. On February 10, 1978, Livengood's privilege to drive was restored, and, because of his age, he received a provisional driver's license.

On June 16 and 25, 1978, Livengood committed two additional traffic offenses. As a result of his subsequent convictions, he was assessed three points and two points, respectively, for those offenses. On November 8, 1978, the department suspended Livengood's provisional license for six months pursuant to § 42-2-123(1)(a), C.R.S. 1973. The department concluded that Livengood had accumulated twelve points within the 24-month period ending June 25, 1978. The trial court affirmed that decision.

■ Livengood first contends that the department erred in considering the points he had accumulated prior to the date of his first suspension in 1977. We disagree.

Section 42-2-123(1)(a), C.R.S.1973, contains the following provisions:

"The department has the authority to suspend the license of . . . a provisional driver, who has accumulated eight points within any twelve consecutive months, or twelve points within any twenty-four consecutive months . . or, in the case of a minor driver, who has accumulated more than four points within any twelve consecutive months or more than six points within the time period for which the license was issued . . . ."

This statute is designed to protect the welfare and safety of the public, and must be construed to further that legislative purpose. *Perlmutter v. Colorado*, 191 Colo. 517, 554 P.2d 691 (1976).

■ *Zaba v. Motor Vehicle Division*, 183 Colo. 335, 516 P.2d 634 (1973), held that the department may consider all points accumulated during the 24-month period ending with the date upon which the last violation involved in a suspension hearing occurred. It is immaterial that a violation occurring during that 24-month period has formed the basis for some prior suspension. Thus, the department correctly considered all points accumulated by Livengood for traffic violations occurring within the 24-month period preceding June 25, 1978.

■ Livengood also contends that because the November 7, 1977, suspension was of his minor driver's license rather than of his provisional driver's license, the department could not consider the points which formed the basis of that initial suspension. We again disagree.

Nothing in *Perlmutter, supra*, remotely suggests that mere age progression, qualifying a driver for a provisional rather than a minor driver's license, in any way alters the legislative formula for calculating accumulations of points for traffic offense violations for purposes of suspension proceedings. *See Keegan v. Dept. of Revenue*, 194 Colo. 325, 571 P.2d 1110 (1977).

■ Furthermore, the statute permits no "grace period" within which a person whose license has previously been suspended may operate a motor vehicle without concern for the effect such earlier violations may have on his right to continue to drive. Such interpretation would directly contravene the legislative purpose of protecting the public from dangerous drivers.

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.