Jackie Lynn HOWELL, formerly Jackie Lynn Hecox, Plaintiff-Appellant,

v.

The COLORADO DEPARTMENT OF REVENUE and Alan Charnes, Executive Director of Said Department, Defendants-Appellees.

No. 80CA1119.

Colorado Court of Appeals, Div. II.

July 2, 1981.

The Office of Harry J. Holmes, Carol J. Huber, Longmont, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Richard H. Forman, Asst. Atty. Gen., Denver, for defendants-appellees.

PIERCE, Judge.

Jackie Lynn Howell appeals the judgment of the district court which affirmed a decision of the Department of Revenue ruling that her driver's license should be suspended for a period of nine months. We affirm.

Howell received four driving violation citations during 1978, which resulted in an assessment of 16 points against her driving record. The Department held a hearing on February 6, 1979, and suspended her driver's license for a period of 8 months. Subsequently, her driving privileges were reinstated on October 6, 1979. Then, other violations, which had occurred prior to February 6, 1979, resulted in convictions and an additional 15 points were assessed against her driving record. Another hearing was held on July 7, 1980, at which time her driver's license was again suspended for a period of nine months and she was denied her probationary license based on an accumulation of 31 points within 12 months.

It is Howell's argument that the second suspension was not warranted by the statute involved because the Department had calculated the points from the date of the violations, rather than from the date of convictions. Therefore, when her license was initially suspended on February 6, 1979, the Department should then have considered not only the 16 points representing the convictions occurring before that date, but also the 15 points representing convictions which did not occur until after the suspension hearing, even though the two convictions giving rise to the latter 15 points were in litigation and not known to the Department's hearing officer on that date. We do not agree.

■ Section 42–2–123(1)(a), C.R.S.1973 (1980 Cum.Supp.), provides, in pertinent part, as follows:

"The department has the authority to suspend the license of any driver who, in accordance with the schedule of points set forth in this section, has been convicted of traffic violations resulting in the accumulation of twelve points within any twelve consecutive months or eighteen points within any twenty-four consecutive months ...."

Section 42–2–123(2)(a), C.R.S.1973 further provides:

"The time periods provided in subsection (1) of this section for the accumulation of points shall be based on the date of viola-

tion, but points shall not be assessed until after conviction for any such traffic violations."

Hence, since points may only be assessed where the record contains evidence of a conviction, *See Gurule v. Colorado*, 38 Colo. App. 295, 558 P.2d 587 (1976), on February 6, 1979, the Department was without authority to assess 15 points for the two violations which were pending, even if it had been aware of their existence.

 When the Department was informed that Howell had been convicted of the additional two violations, it was mandated by statute to assess the additional points and again suspend her license. Under the statute, it is immaterial that during the period pertinent to a determination of the second suspension, Howell had committed other violations that had already formed the basis for a prior suspension. *See Livengood v. Department of Revenue*, Colo.App., 614 P.2d 908 (1980). A driver cannot be given an advantage under this statutory scheme because she happened to commit her violations within the first half of the statutory period. The Department properly carried out the intent of the General Assembly in this instance. *See Perlmutter v. State*, 191 Colo. 517, 554 P.2d 691 (1976).

The judgment is affirmed.

COYTE and STERNBERG, JJ., concur.