Alan N. Charnes Executive Director Department of Revenue State Capitol Annex Denver, CO
Dear Mr. Charnes:
This opinion letter is in response to your April 8, 1982 letter in which you inquired about whether the Department of Revenue is required to hold a motor vehicle hearing prior to revocation of a driver's license.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following questions:
First, whether pursuant to C.R.S. 1973, 42-2-122(3), which provides for mandatory license revocation, the department is required to automatically hold a hearing if not requested by the licensee?
Secondly, whether the department may revoke a driver's license pursuant to C.R.S. 1973, 42-2-122 prior to granting a hearing.
 My conclusion is "no" to the first question and "yes" to the second. It is my opinion that if the notice of revocation is sent out by registered mail and informs the licensee that he or his attorney may request a hearing in writing and if they fail to request a hearing the department will not violate their due process rights by not automatically holding a hearing.
 Yes, the department may revoke a license for an offense committed under this section of the statute prior to granting a hearing without violating the person's due process rights.
ANALYSIS
C.R.S. 1973, 42-2-122(1) provides for mandatory forthwith revocation of a person's driver's license by the Department of Revenue upon receiving a record showing either conviction of certain offenses or the occurrence of other conditions. Section (2) requires immediate notice to the licensee upon revocation. Section (3) provides for a hearing and states:
 (3) Upon receipt of the notice of revocation, the licensee or his attorney may request a hearing in writing. . . .
Due process requires at a minimum that notice and an opportunity for hearing appropriate to the nature of the case be granted to the individual against whom the state acts. Mullane v.Central Hanover Trust Co., 339 U.S. 306 (1965).
The notice and opportunity to be heard must be granted at a meaningful time and in a meaningful manner. Armstrong v.Manzo, 380 U.S. 545, 552 (1965).
Due process only requires that the division give the licensee notice and an opportunity to be heard. If the licensee waives his opportunity to be heard by not requesting it, the division is not required to automatically hold a hearing.
In accordance with Mullane, supra, andManzo, supra, C.R.S. 1973, 42-2-122 does give the licensee notice of the revocation of his license and a right to be heard. The hearing if requested is required to be held within 30 days of receipt of the request, which is a reasonable time.
Secondly, the statute contemplates that the driver's license will be revoked prior to hearing. C.R.S. 1973, 42-2-122(1) states that "the department shall forthwith revoke the license of any driver . . . upon receiving a record showing that such driver has (committed one of several enumerated acts)." In Dixon v.Love, 431 U.S. 105, 113 (1977), the United States Supreme Court was faced with the question of whether due process required an administrative hearing prior to the revocation of a driver's license, and held that it did not. The Court reached this conclusion by considering three factors: 1) the private interest of the individual; 2) the risk of an erroneous deprivation of the individual's rights; and 3) the public interest. It held that the individual interest in his driver's license was not high, the risk of erroneous determination was low, and the public interest in an administrative efficiency was high.
The same analysis applies to C.R.S. 1973, 42-2-122. Of course, the individual's interest and the public's interest in section42-2-122 are the same as in the Dixon case. Moreover, under the procedure's outlined in the Colorado statute, there is little likelihood of an erroneous deprivation of the individual's rights.
This statute does not take effect until the motor vehicle division receives a record either of conviction from the courts, adjudication of mental incompetency or failure to maintain proof of financial responsibility as particularly required by C.R.S. 1973, 42-2-122(1)(k) (Supp. 1981). In all of these cases, the licensee will have had the opportunity to contest the allegations in court before the Department of Revenue takes any action. A person whose license is revoked under C.R.S. 1973, 42-2-122(1)(k), would have had the opportunity to appear at a hearing and attack the department's order requiring that person to maintain proof of financial responsibility under C.R.S. 1973,42-7-401 et seq. Since C.R.S. 1973, 42-2-122 meets the three-prong Dixon test, it is not unconstitutional.See also Zaba v. Motor VehicleDivision, 183 Colo. 335, 516 P.2d 634 (1973).
SUMMARY
Since C.R.S. 1973, 42-2-122 passes the balancing test ofDixon v. Love, supra, it is not unconstitutional even though it provides for license revocation without a prior hearing.
Very truly yours,
 J.D. MacFARLANE Attorney General
MOTOR VEHICLES
C.R.S. 1973, 42-2-122
Colo. Const. art. II, § 25
REVENUE, DEPT. OF Motor Vehicle Hrg Appeal
Due process does not require a hearing before a driver's license is suspended or revoked.