ROBERT E. POSEY ET AL. v. BOARD OF EDUCATION OF BUNCOMBE COUNTY ET AL.

(Filed 20 August, 1930.)

**1. Schools and School Districts E b—Legislature has constitutional power to require a city to operate kindergarten schools.**

Where schools have been established and maintained in a district in accordance with the minimum requirements of the Constitution, and where the fund available for the support of the schools, derived in part from local taxes validly levied in the district, is sufficient for the maintenance of said schools and also for the maintenance of a kindergarten school established in the district, the Legislature has the power to require the school board or committee of the district to maintain such kindergarten school as a part of the public school system of the district, Article IX, section 2, but if an additional tax is necessary for the maintenance of kindergarten schools they may be maintained only with the approval of the qualified voters of the district. C. S., 5443.

**2. Same—Statute providing for operation of kindergarten school in Asheville is mandatory on school committee.**

Where the General Assembly has passed a statute authorizing the school committee of a city to take under control and maintain a kindergarten school previously operated by a private corporation and to receive as a gift the property of such corporation, and thereafter the corporation has conveyed to the city in fee its property both real and personal, and the kindergarten school has been maintained out of the public school fund of the city without the levy of any special tax for that purpose, and thereafter a special tax is levied for the public school fund under a valid election, and the city is later made a local tax district by statute providing that the special tax remain in force and that the "present standard of education be maintained": *Held*, the statute imposes a mandatory duty on the school board or committee of the local tax district to maintain such kindergarten school, it not appearing of record on appeal that the school funds were insufficient for the support of the kindergarten school or that a special tax would be necessary therefor.

**3. Same—School board does not have discretionary power to discontinue kindergarten school made mandatory by statute.**

Where the school board or committee of a city constituting a local tax district is required by mandate of statute to operate a kindergarten school as a part of its system of public schools, its discretionary powers extend only to the manner in which the school shall be operated and not to whether it should be operated or not, and injunction will lie restraining it from carrying out its resolution to discontinue the operation of such kindergarten school.

APPEAL by plaintiffs from *Johnson, Special Judge,* at April Term, 1930, of BUNCOMBE. Reversed.

This is a controversy without action (C. S., 626) involving the opposing contentions of the parties hereto, upon a statement of facts agreed,

with respect to the power of the defendants to discontinue the kindergarten schools heretofore maintained and operated as a part of the public school system of the city of Asheville.

The plaintiffs, residents and taxpayers of the city of Asheville, contend that it is the duty of the defendants to maintain the kindergarten schools heretofore established and maintained, under express statutory authority, as a part of the public school system of the city of Asheville, and to pay the cost of such maintenance out of funds collected from the taxpayers of said city, by reason of a special tax levied and collected under statutory authority, pursuant to a special election heretofore held in the city of Asheville, and that the defendants are without power to discontinue said kindergarten schools, as part of the public school system of the city of Asheville, as defendants have declared it is their purpose to do. Upon the facts agreed, plaintiffs pray judgment that defendants be enjoined from discontinuing said kindergarten schools, at the expiration of the current school year.

The defendants, the board of education of Buncombe County, and the school committee, or school board of the city of Asheville, contend that they are under no legal duty to maintain said kindergarten schools, for that said schools are not a part of the public school system of the city of Asheville; that if they have the power to maintain said kindergarten schools, and to pay the cost of such maintenance out of the public school fund available for the maintenance and operation of the public school system of the city of Asheville, whether or not they shall exercise this power, is within their discretion, and that, in the exercise of such discretion, having ordered that said kindergarten schools be discontinued, after the expiration of the current school year, their action is not subject to judicial review, at least in the absence of any contention on the part of plaintiffs, that such action on their part was arbitrary or unreasonable. Upon the facts agreed, defendants pray judgment that the plaintiffs are not entitled to the judgment prayed for by them, and that the controversy without action be dismissed.

Upon the facts agreed, the court was of opinion that the kindergarten schools heretofore maintained in the city of Asheville, are not a part of the public school system of this State within the meaning of the Constitution of the State or of the general school law, and that the defendants have no power under the law to continue to maintain said kindergarten schools in the city of Asheville; that if the said kindergarten schools are a part of the public school system of the city Asheville, and the defendants have the power under the law to maintain said schools, such power is discretionary; and that the action of the defendants in ordering the discontinuance of said kindergarten schools, at the expiration of the current school year, was the result of the exercise by defendants of their discretion.

In accordance with the opinion of the court upon the facts agreed, it was ordered, adjudged and decreed that the plaintiffs are not entitled to the relief sought by them, and that the controversy without action be dismissed, at the cost of the plaintiffs.

From this judgment, plaintiffs appealed to the Supreme Court, assigning error upon their exception to the judgment.

*J. G. Merrimon and John H. Cathey for plaintiffs.*
*George Pennell and Chas. N. Malone for defendants.*

CONNOR, J. Prior to the year 1907, the Asheville Free Kindergarten Association, a corporation organized and existing under the laws of this State, maintained and operated in the city of Asheville, certain free kindergarten schools for the benefit of the children of the taxpayers of said city, between the ages of three and six years. The said Kindergarten Association had acquired by gifts, subscriptions, purchase and otherwise, valuable property, both real and personal, which it owned and used for the purpose of maintaining and operating said kindergarten schools.

The General Assembly of North Carolina, at its session held in 1907, enacted chapter 175, Private Laws of North Carolina, 1907, which is entitled "An act to authorize the school committee of the city of Asheville to take under control the free kindergarten schools of the city of Asheville." By this statute the school committee of the city of Asheville was authorized to take under its control and to include in the school population of said city, all children residing therein of not less than three years of age, for the purpose of having said children taught in kindergarten schools, "A system of which shall be maintained in said city by said school committee." The said school committee was further authorized to receive from the Asheville Free Kindergarten Association, as a gift, all the property, both real and personal, then owned by said association, and used by it in the operation of kindergarten schools in the city of Asheville. It was expressly provided by said statute that said school committee should maintain, support, carry on and conduct in said city of Asheville such free kindergarten schools as should be necessary for the accommodation of such pupils as should properly be taught in schools of that character.

Subsequent to the enactment of said statute, the Asheville Free Kindergarten Association conveyed all its property, both real and personal, to the city of Asheville, in fee simple. The city of Asheville has, since said conveyance, sold and conveyed said property, and is not now the owner of same. However, pursuant to the provisions of chapter 175, Private Laws of North Carolina, 1907, kindergarten schools have been

continuously maintained and operated in the city of Asheville, as a part of the public school system of said city. Children of residents of said city, between the ages of three and six years, have been admitted to and taught in said schools, without charge for tuition. The cost of maintaining and operating said schools has been paid out of the public school fund of the city of Asheville, without the levy of any special tax for that specific purpose.

At a special election held in the city of Asheville on 6 April, 1921, the question was submitted to the voters of said city as to whether an additional tax of 10 cents on the $100.00 valuation of property in said city should be levied and collected for the purpose of increasing the salaries of the teachers in the public schools of said city, and of paying the expense of the operation of said schools. At the date of this election, kindergarten schools were maintained and operated by the school authorities of the city of Asheville, as a part of the public school system of said city. At said election, the levy and collection of the additional tax was authorized by a large majority of the voters of said city.

The General Assembly of North Carolina, at its session held in 1923, enacted chapter 16, Private Laws of North Carolina, 1923, which is entitled "An act to amend, revise, and consolidate the statutes that constitute the charter of the city of Asheville." The corporate limits and boundaries of said city, as a municipal corporation, are defined in section 3 of said act. It is provided in section 4 that "the corporate powers of the city of Asheville shall be exercised as hereinafter provided by the board of commissioners and such other officers and agents as are hereinafter provided for, subject to such limitations as may be hereinafter imposed."

Included within said statute are sections relating to the public schools of the city of Asheville. Sections 125 to 139, inclusive. The effect of these sections is to constitute the city of Asheville a public school district for both white and colored children in the county of Buncombe. The board of commissioners of said city are charged with the duty of maintaining an adequate and sufficient system of public schools in said city, and to that end ample powers are conferred upon said board. With reference to kindergarten schools, the statute has the following sections:

"Section 130. Kindergarten Schools. The board of commissioners of the city of Asheville be and they are hereby authorized to take under their control, and make a part of the public schools of Asheville, all pupils of a minimum age of not less than three years, for the purpose of having them taught in kindergarten schools, a system of which shall be maintained in said city by said board, and to receive from the Asheville

Free Kindergarten Association, as a gift along with the taking over of the said kindergarten pupils, all lands, houses, schoolroom equipment, and other school property now owned and controlled by said Asheville Free Kindergarten Association, all of said property to be held in fee simple by said city as a part of the public school property of said city of Asheville."

"Section 130a. Conduct Kindergarten Schools. The board of commissioners shall maintain, support, carry on and conduct in said city, such free kindergarten schools as may, at all times, be necessary for the accommodation of such pupils as should properly be taught and trained in schools of this character. That said kindergarten pupils so taken under control shall become, and constitute a part of the public school population of the city of Asheville, and as such shall be entitled to all the rights, benefits, privileges and advantages of the public schools. of said city, so far as their age and advancement will permit them to receive the same. The minimum age of three years herein allowed for the admission of said pupils, shall not apply to the general school population of the city, but only to the pupils composing the present kindergarten schools of the city of Asheville or to like schools or departments in schools of the city of Asheville, or like schools or departments in other schools which may hereafter be authorized by the said board."

. The General Assembly of North Carolina, at its session held in 1929, enacted chapter 205, Private Laws of North Carolina, 1929, which is entitled "An act to extend the corporate limits of the city of Asheville." It is provided therein that this statute shall not become effective, unless the voters of the city of Asheville and of the territory to be annexed to said city by the proposed extension of said corporate limits, at a special election to be held as provided therein, shall approve such extension. At the election held pursuant to the provisions of said statute, the extension of the corporate limits of the city of Asheville was approved, and the statute thereby according to its terms became effective for all purposes.. Section 10 of said statute provides that upon the approval by the voters of the extension of the corporate limits of the city of Asheville, it shall be the duty of said city, after said election and before 30 June, 1929, to "surrender the control of the present city of Asheville special charter school district to the board of education of Buncombe County, and that thereupon said special charter school district shall become a local tax district," and shall be governed as provided in said statute. Provision is made in the statute for a board of school committeemen of seven members, who are authorized to employ a superintendent and teachers for the public schools in said local tax district. It is expressly provided that "the public school system of the Asheville

POSEY *v.* BOARD OF EDUCATION.

local tax district shall be under the supervision and control of the superintendent and the board of school committeemen herein appointed, it being intended by this section to direct that the present standard of education in the public schools of the city of Asheville shall be maintained."

It is further provided in said statute that "the present special school tax heretofore voted in the city of Asheville for the maintenance and operation of the public schools of the city and for the payment of principal and interest of school bonds heretofore voted, shall remain in full force and effect, but if the corporate limits of the city shall be extended as provided herein, the said special taxes shall be levied by the board of commissioners of Buncombe County in the same manner as special taxes are levied for other local tax districts under the present laws applicable to the same."

At a meeting of the defendant, the board of school committeemen of the city of Asheville, held on 14 March, 1930, by a resolution adopted by said board, it was ordered, upon the recommendation of the superintendent of the city schools, that the kindergarten schools, heretofore included as a part of the public school system of the city of Asheville, be discontinued at the expiration of the current school year. The discontinuance of said kindergarten schools was ordered for the purpose, as recited in said resolution, of saving the sum of $24,000. It does not appear in the statement of facts agreed whether or not the school fund available for the support of the public schools of the city of Asheville, for the ensuing year, will be, for any cause, decreased, nor does it appear whether or not the said fund derived in part from a special tax, levied pursuant to a special election heretofore held in the city of Asheville, will be insufficient to pay the expenses of maintaining the said public schools, including the kindergarten schools.

If it be conceded that the present board of school committeemen of the city of Asheville has the power to maintain and operate kindergarten schools, as part of the public school system of said city, in which children of residents of the city of Asheville, between the ages of three and six years, shall be taught and trained in accordance with the principles of education on which said schools are founded, we are of the opinion that it was error to hold that said board has discretion as to whether or not it shall exercise such power. The provisions of the statutes relative to the maintenance and operation of kindergarten schools in the city of Asheville, are by their terms mandatory. The predecessors of said board were required by such statutory provisions to maintain and operate such schools as a part of the public school system of the city of Asheville. These statutory provisions have not been repealed or modified by subsequent statutes now in force. They have

been reënacted, and are now binding on the school authorities of the city of Asheville. It is expressly provided in the statute (chapter 205, Private Laws of North Carolina, 1929) from which the defendants herein derive their powers with respect to the public schools of the city of Asheville, that "the present standard of education in the public schools of Asheville shall be maintained." At the date of the enactment of this statute, the kindergarten schools were a part of the public school system of the city of Asheville, and their maintenance is required to maintain the standard of education then provided by the State and the city of Asheville for the children of said city. The present board of school committeemen of the city of Asheville has discretion as to the manner in which the power conferred upon it with respect to said schools shall be exercised, but it does not follow from this well-settled principle that it has discretion as to whether or not it shall exercise the power at all. Power is conferred upon said board in order that it may perform its duty, under the law, both to the State and to the city of Asheville.

In *Newton v. Highway Commission,* 192 N. C., 54, 133 S. E., 522, it is said by *Brogden, J.,* writing for the Court: "When a statute speaks plainly and in no uncertain or ambiguous terms, the voice of discretion cannot be heard; otherwise, administrative boards, under the guise of discretion, could set at naught the legislative will and clothe themselves with the attributes of sovereignty."

In *Cameron v. Highway Commission,* 188 N. C., 84, 123 S. E., 465, it is said by *Adams, J.,* writing for the Court: "We do not controvert the proposition that the defendants are clothed with certain discretionary powers; but as we interpret the act, these powers do not include the changing, altering, or discontinuing all roads in the exercise of a discretion, which can be reviewed only in case of oppression, or bad faith. We think the changing, the alteration, or the discontinuance by the defendants of the roads defined in the proviso of section 7 is subject to judicial review, without regard to the question of an abuse of discretion. The terms of the proviso are positive and mandatory, and not uncertain or discretionary."

Where power is conferred by statute upon an administrative board, with respect to matters committed to said board, and the exercise of such power is made mandatory, such board, although it may have discretion as to the manner in which the power shall be exercised, has no discretion as to whether it shall in good faith and in accordance with the legislative will, exercise the power. In the instant case, if the defendants have the power to maintain and operate kindergarten schools as part of the public school system of the city of Asheville, it is manifest, we think, that it is their duty to exercise the power, in good faith, and

in accordance with the legislative will, clearly and plainly expressed in the statutes applicable to said schools.

The General Assembly of this State has by express statutory provisions conferred upon the board of school committeemen of the city of Asheville power to maintain and operate kindergarten schools, as a part of the public school system of said city, in which children between the ages of 3 and 6 shall be admitted as pupils. The question, therefore, presented for decision is whether these statutory provisions are valid, as being within the power of the General Assembly.

The General Assembly has the power which, we think, cannot be questioned, to prescribe by statute the subjects to be taught and the methods of instruction to be followed in the public schools of the State, whether such public schools be included within the uniform system required to be maintained by the Constitution, or whether they be public schools established for certain districts formed under the general school law of the State, or under special statutes. It also has the power to authorize and empower the school boards, or committees in charge of public schools to exercise this power. When thus authorized, a school board or committee may require that pupils in said schools shall be taught such subjects, or instructed in accordance with such methods, as distinguish kindergarten schools from other schools. This is undoubtedly true as to pupils between the ages of 6 and 21 years. Const., of N. C., Art. IX, sec. 2. Whether or not the General Assembly may by statute require a school board or committee to provide for the education of children in its district, under the age of 6 years, is an interesting question which has not heretofore been presented to this Court.

We are of the opinion, however, and so hold, that where schools have been established in a district and are maintained in accordance with the minimum requirements of the Constitution, and where provision has been made for the education of all children residing in the district, between the ages of 6 and 21, as required by the Constitution, and where the school fund available for the support of such schools, derived in part from local taxes lawfully levied and collected in the district, is sufficient for the maintenance of said schools, and also for the maintenance of kindergarten schools, in which children of the district, under the age of 6 years may be admitted as pupils, the General Assembly has power to require the school board or school committee of said district to provide and maintain such kindergarten schools, as a part of the public school system of the district. If, however, an additional tax is required to maintain such kindergarten schools, then they can be established and maintained only with the approval of the qualified voters of the district, to be determined by an election held pursuant to statutory authority. C. S., 5443.

In the instant case, it does not appear that the school fund available for the support of the public schools of the city of Asheville, derived in part from a special tax, levied and collected as authorized by the qualified voters of said city, will not be sufficient to maintain said schools in accordance with the requirements of the Constitution and also to maintain the kindergarten schools as part of the public school system of said city. We are, therefore, of opinion that there was error in the judgment approving, in effect, the order of the school board of the city of Asheville that the kindergarten schools be discontinued, at the expiration of the current school year. Plaintiffs are entitled upon the facts agreed to judgment as prayed for, enjoining the defendants from discontinuing the kindergarten schools, which are now by express statutory authority, a part of the public school system of the city of Asheville. In accordance with this opinion the judgment is

Reversed.