506 P.2d 1243 (1973)
Johann Gerhard MICHELS, Plaintiff-Appellee,
v.
MOTOR VEHICLE DIVISION OF the DEPARTMENT OF REVENUE, State of Colorado, Defendant-Appellant.
No. 72-341.
Colorado Court of Appeals, Div. I.
February 27, 1973.
*1244 No appearance for plaintiff-appellee.
John P. Moore, Acting Atty. Gen., James K. Tarpey, Asst. Atty. Gen., Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
This appeal concerns the validity of an order suspending the chauffeur's license of plaintiff-appellee Johann Gerhard Michels. The order was entered at an administrative hearing on November 8, 1971, by a hearing officer for the defendant-appellant Motor Vehicle Division of the Department of Revenue (Department). Michels sought review and reversal of the order in the district court. The Department brings this appeal from the judgment of the district court, which reversed the order of suspension. Michels has entered no appearance in the appeal before this court. We reverse the judgment of the district court.
The district court reviewed the record, and concluded, without specific findings, that the hearing officer had acted arbitrarily and capriciously and in so doing had abused his discretion.
There is no dispute as to the basic facts. Michels was originally noticed in for a hearing to determine whether his license should be suspended due to an accumulation of "points" assessed to him as a result of convictions for certain traffic violations. The record before the hearing officer discloses in detail that within an eighteen-month period Michels had six convictions for a total of 22 points. Michels and his attorney agreed that the record was correct. As mitigating evidence Michels stated that one of the convictions was for failure to have a safety sticker on an old car which was ticketed while parked. He offered various explanations for the other five convictions, all of which resulted from moving violations.
The record at the hearing further disclosed that Michels had been present at similar hearings on three previous occasions. The first occurred in January 1967, when his accumulation of points was approaching suspension level. In May 1967 a formal hearing was held though no action was taken at that time since the Department adjusted the points to Michels' credit. Another formal hearing was held in March 1968 which resulted in Michels' license being suspended for approximately three months.
After reviewing the record and hearing Michels' evidence in mitigation, the hearing officer stated that the points relative to the safety sticker violation could be adjusted if such violation were critical to a possible suspension, but that even without those three points, suspension was still required. The hearing officer, after considering Michels' testimony in mitigation, ordered suspension of the license for only an eight-month period instead of the maximum period of one year. The hearing officer's written report recited that:
"Record indicates 22 pts. within 24 mos. by an adult chauffeur, all tickets not in course of employment. . . .
. . . Previous moderation by Dept. ineffective, continued negligence on part of respondent indicates substantial corrective action needed."
The report then concluded with the order of suspension. The report also contained certain abbreviated, incomplete sentences relative to Michels' mitigation evidence concerning five of the convictions. The district court's objections were directed primarily to these abbreviated, incomplete statements.
Authority is vested in the Department to suspend the license of any operator or chauffeur who has been convicted of traffic violations resulting in an accumulation of eighteen points in any twenty-four consecutive months. 1969 Perm. Supp., C.R.S.1963, 13-4-23(1)(a). There are special provisions for chauffeurs when all the points accumulated are in the course of employment, but there is no dispute that these special provisions are inapplicable here since some of the points were not accumulated in the course of employment. If the record of the driver sustains suspension as provided in C.R.S.1963, 13-4-23, as *1245 amended, the Department "shall immediately suspend such operator's or chauffeur's license. . . ." (Emphasis added.) C.R.S.1963, 13-4-23(11). This statutory provision is mandatory and the function of the hearing examiner in such situation is purely ministerial. See Campbell v. State, Colo., 491 P.2d 1385.
In the case at hand the evidence was clear and demonstrated that Michels had more than enough points to justify a suspension of his license; thus, the hearing officer was not exercising any discretion in ordering the suspension. The entry of the order was a ministerial act in carrying out the statutory mandate. There can be no abuse of discretion in the discharge of a ministerial act. Posey v. Board of Education, 199 N.C. 306, 154 S.E. 393, 70 A.L. R. 1306; 73 C.J.S. Public Administrative Bodies and Procedure § 61. The only discretionary act involved was the reduction of the maximum suspension period from one year to eight months, and this action is not challenged.
The hearing officer is not required to make findings as to the validity of each of the convictions; these are a matter of record. The order of suspension is amply supported by the driving record, and the written findings meet the test approved by our Supreme Court in Campbell v. State, supra, which cited with approval Ritch v. Director of Vehicles and Traffic, 124 A.2d 301 (D.C.Mun.App.):
"As to lack of findings of fact and conclusions of law, it is apparent that the only findings of fact necessary were that sufficient points had accumulated to warrant revocation of the permit, that the evidence offered in mitigation of the permit was not deemed sufficient to justify an exception, and that petitioner was not a fit person to operate a motor vehicle. . . . All these findings were implicit in the order of revocation."
The judgment of the district court is reversed and the cause is remanded with directions to reinstate the order of suspension.
COYTE and SMITH, JJ., concur.