558 P.2d 587 (1976)
Ismiel Adolph GURULE, Plaintiff-Appellee,
v.
The STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, et al., Defendants-Appellants.
No. 76-052.
Colorado Court of Appeals, Div. I.
October 14, 1976.
Rehearing Denied November 18, 1976.
Rollie R. Rogers, Colorado State Public Defender, Robert L. Pastore, Deputy State Public Defender, Alamosa, for plaintiff-appellee.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Arthur G. Staliwe, Sp. Asst. Atty. Gen., Denver, for defendants-appellants.
COYTE, Judge.
The Department of Revenue, Motor Vehicle Division, seeks review of a district court judgment enjoining its suspension of appellee's driving privilege. We affirm the judgment.
Appellee was convicted in November 1974 of driving while his ability was impaired by alcohol, and the Motor Vehicle Division assessed eight points against his driver's license. That same month appellee was issued a municipal court summons and complaint by an Alamosa, Colorado, police officer for the offense of following too closely.
Appellee appeared at the Alamosa Municipal Courthouse as directed by the summons *588 and complaint. A municipal court employee informed appellee that his appearance had been scheduled at a later date. Appellee then paid $10.00 in cash to the court, which payment was noted on the back of the summons. However, no entry was made to indicate that the payment was in satisfaction of a fine or to indicate whether appellee had pled guilty to the offense, even though the form contained spaces for this purpose.
The Motor Vehicle Division subsequently notified appellee that a hearing had been set to allow him to show cause why his driver's license should not be suspended as a result of point accumulation. See § 42-2-123(1)(a) and (7), C.R.S.1973. At the hearing, appellee challenged the four point assessment on the ground he was not "convicted" of a traffic violation within the meaning of § 42-2-123(1)(a). The hearing officer concluded that the entry showing payment was sufficient to assume there was a conviction and ordered a suspension of appellee's license.
Appellee sought judicial review in district court of the hearing officer's decision, relying on the argument above. The trial court agreed that the notation on the reverse side of the summons was no evidence that appellee had been convicted of a traffic offense and that the hearing officer's assessment of points was thus in excess of his jurisdiction and an a abuse of discretion. We agree with the conclusion reached by the District Court.
The parties raise the question of whether the principles enunciated in Cave v. Department of Revenue, 31 Colo.App. 185, 501 P.2d 479 (1972), are controlling. They are not. The sole issue here is the existence of a "conviction" satisfying § 42-2-123(1)(a) and (6), C.R.S.1973.
Appellant contends that the presumption of correctness afforded records before a hearing officer, see Campbell v. State, 176 Colo. 202, 491 P.2d 1385 (1971), is sufficient to uphold the suspension, and that in any event, the hearing officer was not required to make a finding of the validity of the conviction as a prerequisite to his order. See Michels v. Motor Vehicle Division, 32 Colo.App. 106, 506 P.2d 1243 (1973). These arguments are not persuasive.
Appellee concedes the record reviewed by the hearing officer was wholly correct. He maintains, however, that the correct record in its entirety still constitutes no evidence of a conviction. We agree. As the trial court held, there is nothing in the record, even presuming its correctness, to indicate appellee was convicted of an offense.
As we conclude the hearing officer had no evidence of a conviction before him, the rule of Michels, supra, is inapposite. While a hearing officer need not determine the validity of a respondent's convictions, he must nevertheless, pursuant to his statutory authority under § 42-2-123(1)(a), C.R. S.1973, insure that the record on its face indicates the existence of the requisite convictions. The evidence before the Motor Vehicle Division did not support its findings, and therefore it abused its discretion.
Judgment affirmed.
ENOCH and STERNBERG, JJ., concur.