592 P.2d 418 (1978)
Donald Stewart GILLESPIE, Plaintiff-Appellant,
v.
The DIRECTOR OF the DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, State of Colorado, Defendant-Appellee.
Kenneth Jan STRAUGH, Petitioner-Appellant,
v.
The STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Nelson Hill, Hearing Officer, Respondents-Appellees.
Nos. 78-589, 78-630.
Colorado Court of Appeals, Division III.
December 7, 1978.
Rehearings Denied December 28, 1978.
Certiorari Denied March 19, 1979.
*419 Gehler & Cohen, Ronald Cohen, Commerce City, for plaintiff-appellant.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Denver, for defendant-appellee and respondents-appellees.
William Morris, Asst. Atty. Gen., Denver, for defendant-appellee.
Allen J. Kincaid, Dean J. Spader, Brush, for petitioner-appellant.
Anthony M. Marquez, Alan H. Friedman, Asst. Attys. Gen., Denver, for respondents-appellees.
Certiorari Denied March 19, 1979 in 78-589.
PIERCE, Judge.
Pursuant to C.A.R. 3(b), we have consolidated these two driver's license suspension cases because of their factual similarities, and because they both raise conditions about the applicability of the rule announced by this court in Troutman v. Department of Revenue, 38 Colo.App. 417, 571 P.2d 726 (1976), and Gurule v. State, 38 Colo.App. 295, 558 P.2d 587 (1976). In both cases, the licensee argues that the evidence before the Motor Vehicle Division was insufficient to establish a "conviction" within the meaning of § 42-2-123(6), C.R.S.1973.
In No. 78-589, Gillespie's driver's license was suspended for one year, based on his accumulation of 14 points in a 12 month period. Section 42-2-123(1)(a), C.R.S.1973. The conviction which Gillespie contests is a three point speeding violation issued by the State Patrol on September 21, 1977. The record shows that Gillespie signed a notice of penalty assessment for the speeding violation, and also that the Division made an entry in his "driver's history record" listing September 28, 1977, as the date of conviction for this violation. The district court upheld the decision of the Division suspending Gillespie's license, and we affirm.
In No. 78-630, Straugh's license was revoked for five years after the Motor Vehicle Division determined that he was an "habitual offender" within the meaning of § 42-2-202(3), C.R.S.1973. Under that section, an "habitual offender" is defined as any person who has been convicted within a five year period of 10 or more moving violations, each of four or more points. The Division found that Straugh had been convicted of 11 such moving violations within five years. Straugh contends that the evidence is insufficient to establish that he *420 was convicted of three of the 11 offenses. Though Straugh signed penalty assessments for each of those three offenses, nothing in the record shows that he actually paid the assessments for two of the three violations. The district court upheld the Division's revocation decision, and we reverse.
Both licensees rely on Troutman v. Department of Revenue, supra, and Gurule v. State, supra, in arguing that the evidence was insufficient to establish their convictions. In Gurule, this court held that the Motor Vehicle Division could not find that a licensee had been convicted when the only evidence of a judicial resolution was a notation on the back of the ticket indicating that the licensee had paid a sum in cash to the court, without anything indicating that the payment was in satisfaction of a fine or pursuant to a guilty plea. In Troutman, we held that even if the ticket bears some indication that the payment was in satisfaction of a fine, there must be something showing that the fine corresponds to the offense charged, otherwise "the payment could have been for a reduced charge [of fewer points]." Thus, both Gurule and Troutman rested on the presumption that the Division's driving records are insufficient proof of conviction, and must themselves be based on tickets showing payment of the fine for the corresponding offense.
However, § 42-2-118(2), C.R.S.1973, as amended June 1, 1977, see Colo.Sess.Laws 1977, ch. 551 at 1867, legislatively overruled Gurule and Troutman, and states as follows:
"The department shall also file all accident reports, abstracts of court records of convictions received by it under the laws of this state, departmental actions, suspensions, restrictions, revocations, reinstatements, and other permanent records and, in connection therewith, maintain a driver's history by making suitable notations in order that an individual record of each licensee showing the convictions of such licensee, the departmental actions, and the traffic accidents in which he has been involved, except those accidents not resulting in his conviction, shall be readily ascertainable and available for the consideration of the department upon any application for renewal of license and at other suitable times. Such records shall be official records of the State of Colorado; and copies therefore, attested by the Executive Director of the Department of Revenue or his deputy and accompanied by a certificate bearing the official seal for the department that the Executive Director or his deputy has custody of said records, shall be admissible in all courts of record and shall constitute prima facie proof of the information contained therein." (Emphasis added)
Thus, a driver's history record, as an official record under this statute, can now be offered as prima facie proof of its contents, including convictions, without the necessity of looking behind the records to the underlying tickets. Moreover, formalities of attestation and certification are not necessary at hearings conducted by the Division, since the hearing officer can take official notice of the Division's own records. See American Trucking Ass'ns, Inc. v. Frisco Transportation Co., 358 U.S. 133, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958). See also Eadon v. Reuler, 146 Colo. 347, 361 P.2d 445 (1961). Of course, the licensee may present evidence to attack the accuracy of any item in his driver's history record, in which event there would be a question of fact to be resolved by the hearing officer. See 2 K. Davis, Administrative Law Treatise § 15.09 at 394 (1958).
In No. 78-589, the Division entered September 28, 1977, as the "date of conviction" for the September 21 speeding violation. Since, under the statute, these records are presumed to be accurate, and since Gillespie offered no evidence to the contrary, the Division properly concluded that Gillespie was "convicted" within the meaning of § 42-2-123(6)(a), C.R.S.1973.
In No. 78-630, on the other hand, though Straugh admitted that he accepted the three penalty assessments in question, there was no evidence that two of the three *421 assessments were paid. Straugh's driver's history record is silent on the matterthe "date of conviction" columns corresponding to these two offenses are blank. Accordingly, since the mere acceptance of a penalty assessment is not a "conviction" within the meaning of § 42-2-123(6)(a), C.R.S. 1973, the Division's suspension of Straugh's license is not supported by the record, and cannot be sustained.
The Judgment in No. 78-589 is affirmed. The Judgment in No. 78-630 is reversed, and the cause is remanded to the district court with directions to set aside the Division's order of revocation.
RULAND and VanCISE, JJ., concur.