**Edward Mortimer ANDERSON,
Plaintiff-Appellant,**

**v.**

**The COLORADO DEPARTMENT OF
REVENUE, and Alan N. Charnes, duly
appointed Executive Director of the De-
partment of Revenue, State of Colorado,
Defendants-Appellees.**

No. 79CA0844.

Colorado Court of Appeals,
Div. I.

March 27, 1980.

Rehearing Denied April 24, 1980.

Certiorari Granted Aug. 5, 1980.

H. E. Carleno, Englewood, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., Denver, for defendants-appellees.

KELLY, Judge.

Edward Anderson appeals the judgment of the district court affirming the revocation of his driver's license by the Depart-

ment of Revenue. He argues that he should have been permitted to attack the validity of one of the convictions which formed the basis for the revocation at the Department's hearing. We agree and therefore reverse.

 Anderson's license was revoked because he had been convicted three or more times of operating a motor vehicle under the influence of intoxicating liquor or while his ability was impaired. *See* §§ 42–2–202(2)(a)(I), and 42–2–203, C.R.S.1973. Anderson challenged the validity of one of the convictions which formed the basis of the hearing officer's finding because Anderson assertedly had no notice of the proceeding which resulted in his bond forfeiture and conviction. While the hearing officer properly found that the bond forfeiture constituted a conviction pursuant to § 42–2–123(6)(b), C.R.S.1973 (1978 Cum.Supp.), he refused to consider Anderson's testimony tending to show absence of notice for the purpose of collateral attack on the judgment. Anderson argues that a jurisdictional challenge to a conviction may be raised at any time including a license revocation hearing. We agree.

While the driving history record is prima facie proof of its contents, including convictions, the licensee may present evidence to attack the accuracy of any item in the record, raising a question of fact to be resolved by the hearing officer. *Gillespie v. Director of the Department of Revenue*, 41 Colo.App. 561, 592 P.2d 418 (1978). An allegation that the defendant failed to receive notice of the proceedings which resulted in the conviction constitutes a direct attack upon the jurisdiction of the trial court which entered the judgment. *San Juan & St. Louis Mining & Smelting Co. v. Finch*, 6 Colo. 214 (1882). If Anderson's testimony were to be believed, the judgment would be void and subject to attack directly or collaterally at any time. *See Grand Junction v. Kannah Creek Water Users Ass'n*, 192 Colo. 284, 557 P.2d 1173 (1976); *see also People v. Heinz*, Colo., 589 P.2d 931 (1979).

The judgment is reversed and the cause is remanded to the district court with directions to remand the cause to the hearing officer for further proceedings and such factual determinations as may be appropriate.

COYTE and SMITH, JJ., concur.