James Raymond HOEHL, Plaintiff-Appellee and Cross-Appellant,

v.

MOTOR VEHICLE DIVISION OF the DEPARTMENT OF REVENUE, State of Colorado, Defendant-Appellant and Cross-Appellee.

No. 80CA0515.

Colorado Court of Appeals, Div. I.

Oct. 30, 1980.

Rehearing Denied Nov. 20, 1980.

Certiorari Denied March 2, 1981.

Myers, Woodford & Hoppin, P. C., Charles T. Hoppin, Denver, for plaintiff-appellee and cross-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Richard H. Forman, Asst. Attys. Gen., Denver, for defendant-appellant and cross-appellee.

COYTE, Judge.

The Department of Revenue appeals from the district court judgment reversing the decision of the hearing officer and ordering the restoration of plaintiff's driver's license. We affirm.

The hearing officer revoked plaintiff's driver's license for accumulating eleven convictions for traffic offenses within a five year period, each of which resulted in an assessment of four or more points. *See* § 42–2–202(3), C.R.S.1973. That order was reversed and remanded by the district court to the Motor Vehicle Department in order to allow plaintiff to challenge the record of two of the traffic convictions as shown by the records of the Motor Vehicle Department.

At his second hearing, plaintiff introduced into evidence these two tickets from the Motor Vehicle Department file. Neither ticket reflects any finding of guilty or payment of a fine. The hearing officer found that plaintiff had presented insufficient evidence to negate his driving record as contained in the records of the Motor Vehicle Department, and again revoked his driver's license. On a second appeal to the district court, it found that plaintiff had only nine convictions within the five year period and was thus not an habitual traffic offender and ordered restoration of plaintiff's driver's license. *See* § 42–2–202(3), C.R.S.1973.

The Department contends that the ticket underlying a driver's history record is insufficient to overcome the prima facie evidence of the Department's records. We disagree.

■ A driver's history record is prima facie evidence of its contents. But where evidence is presented which rebuts the accuracy of any item in plaintiff's driving record, there is a fact question to be resolved by the hearing officer. *Gillespie v. Department of Revenue*, 41 Colo.App. 561, 592 P.2d 418 (1978).

■ Here, plaintiff introduced the two tickets themselves to rebut his driving history record. Neither ticket on its face showed a finding of guilty or payment of a fine. Consequently, the presumption that the records of the Division of Motor Vehicles are correct was overcome. Since the Department introduced no additional evidence, the hearing officer's findings were not supported by the record, § 24–4–106(7), C.R.S.1973, and plaintiff's driver's license should not have been revoked.

In view of the result reached, we need not discuss the issue raised in plaintiff's cross-appeal.

Judgment affirmed.

RULAND and VAN CISE, JJ., concur.