Robert M. ANADALE, Plaintiff-Appellee,

v.

DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, State of Colorado, Defendant-Appellant.

No. 82CA0176.

Colorado Court of Appeals, Div. III.

Aug. 12, 1982.

Rehearing Denied Sept. 2, 1982.

Certiorari Granted Jan. 10, 1983.

Paul E. Valentine, Fort Collins, for plaintiff-appellee.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendant-appellant.

KIRSHBAUM, Judge.

The Department of Revenue, Motor Vehicle Division (the Department), appeals the judgment of the trial court reversing the Department's suspension of Robert M. Anadale's driving license. We affirm.

The facts are undisputed. On October 22, 1981, the Department conducted a hearing pursuant to § 42–2–123, C.R.S.1973, to determine whether Anadale's license should be suspended. Only Anadale and a hearing officer were present.

The following documents constituted the only documentary evidence before the hearing officer:

(1) A single page typed summary listing in chronological order six descriptions of traffic violations allegedly committed by Anadale.

(2) Three "court copies" of tickets issued to Anadale.

One ticket, issued September 26, 1980, indicates on the back thereof that a plea of guilty was entered by the defendant and

accepted by the court and that a fine of $25 and court costs of $8 were paid by Anadale. The other two tickets, dated January 29, 1981, and July 16, 1981, respectively, contain no indication of either a finding of guilt or the payment of a fine. Each of those two latter tickets contains a stamp containing the words "batch filed" and a lengthy numerical designation identical to the numerical designation contained in the single page summary described above.

During the course of the hearing Anadale informed the hearing officer that he challenged the Department's records because the two 1981 tickets contained neither a finding of guilt nor a notation that any fine had been paid. The hearing officer replied, "You don't, you know, challenge convictions in here. The thing is, is that if you're convicted or you pay the ticket, then the points are assessed." The hearing officer indicated that "the records of the Department are sufficient to establish conviction." The hearing officer, in referring to both tickets, made the following comments:

"Well, both of those tickets ... both penalty assessment tickets. There's no court involved here. It's just a ticket that's sent in; it's paid to the Department of Revenue. Both tickets ... both indicate that they were received by the Department of Revenue. They have a batch filing number, therefore, it is my opinion that the respondent has been convicted. There's no court involved anyway on those particular violations."

Relying on the two 1981 incidents, the referee concluded that Anadale had accumulated more than 12 points in a period of one year and suspended his driver's license for a period of seven months.

The Department contends that because the records of the Department are official records of the State of Colorado, and as such are *prima facie* proof of the accuracy of the contents thereof, the trial court erred in concluding that the evidence before the examiner was insufficient to permit a suspension of Anadale's license. We disagree with the Department's conclusion.

It is true that the driver's history record constitutes *prima facie* evidence of

conviction for the offenses therein noted. *Gillespie v. Director of Department of Revenue,* 41 Colo.App. 561, 592 P.2d 418 (1978). However, this initial presumption may be overcome by evidence indicating that the official records are insufficient to establish guilt. *Hoehl v. Motor Vehicle Division,* 624 P.2d 907 (Colo.App.1980).

Here, Anadale noted that the tickets underlying the Department's "record" contained no finding of guilt and indicated no payment of any fine. That evidence, although contained in the Department's own records, was sufficient to rebut any presumption of conviction the Department's "record" might be deemed to have established. No other evidence was introduced at the hearing. Therefore, the trial court correctly concluded that the Department failed to establish that Anadale was properly assessed points for the two 1981 alleged traffic offenses.

The Department asserts that Anadale's failure to deny receiving the tickets and his signature on the face of the tickets established his guilt of those two alleged offenses. The issue is not whether he received the tickets, but whether the ticket or any other evidence established that he had been convicted of the offenses. Absent some indication thereon of a finding of guilt or a payment of a penalty assessment, a ticket itself does not establish such fact. *Hoehl v. Motor Vehicle Division, supra.*

Contrary to the Department's argument, a defendant's signature on a ticket, without more, does not constitute an admission of guilt to an alleged traffic violation. The ticket form contains three pre-printed statements concerning the alleged offense. One statement indicates that the accused accepts notice of and acknowledges guilt of the offense "upon payment of this penalty assessment to the Department of Revenue." Another statement indicates that if the penalty assessment is not paid within ten days, the ticket becomes a summons and complaint requiring a court appearance. The third statement indicates that the accused elects and agrees to pay the total penalty assessment. This third statement is preceded by a box, presumably provided to permit a defendant to check the same if he agrees in advance to pay the assessment. The box is not checked on either of the two tickets Anadale challenged.

Any acknowledgement of guilt which might be implied from an accused's signature on a ticket is expressly conditional upon payment of the penalty assessment. Here, there is no evidence of any such payment. Presumably, a signature is obtained at the time the ticket is issued to verify that the ticket was served upon the accused. In this case, defendant's signatures on the two 1981 tickets do not constitute acknowledgements of guilt of the offenses alleged.

The Department's argument that a defendant cannot "challenge" the validity of a traffic conviction during an administrative proceeding is not persuasive. Anadale did not challenge the validity of any conviction here. He challenged the sufficiency of the evidence before the hearing officer to support the conclusion that he had sustained any traffic conviction in 1981. We agree with the trial court that his challenge was correct.

Judgment affirmed.

BERMAN and KELLY, JJ., concur.