The PEOPLE of the State of
Colorado, Petitioner,

v.

Robert M. ANADALE, Respondent.

No. 82SC340.

Supreme Court of Colorado,
En Banc.

Jan. 9, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for petitioner.

Paul E. Valentine, Fort Collins, for respondent.

ROVIRA, Justice.

We granted certiorari to consider whether the absence of any notation of disposition on the back of penalty-assessment traffic tickets was sufficient to overcome the presumption of correctness of a driving record in a license suspension proceeding. The Colorado Court of Appeals in *Anadale v. Department of Revenue*, 656 P.2d 49 (Colo. App.1982), answered the question in the affirmative. We disagree and therefore reverse.

I.

On October 22, 1981, Robert M. Anadale, respondent, appeared at a hearing conducted by the Motor Vehicle Division of the Department of Revenue (Department) to determine whether his license should be suspended because he had accumulated twelve points within twelve consecutive months.[1]

1. Section 42–2–123(1)(a), C.R.S.1973 (1982 Supp.), provides in part that "[t]he department has the authority to suspend the license of any driver who, in accordance with the schedule of points set forth in this section, has been con-victed of traffic violations resulting in the accumulation of twelve points within any twelve consecutive months...." Section 42–2–123(8), C.R.S.1973 (1982 Supp.), requires a

The hearing officer examined respondent's driving record and found the following convictions:

| | | |
|---|---|---|
| November 7, 1980 | Speeding (68/55) | 4 points |
| February 13, 1981 | Speeding (68/55) | 4 points |
| July 24, 1981 | Speeding (74/55) | 4 points |

He further found that twelve points were accumulated within a twelve-month period.

Respondent challenged the two 1981 convictions on the ground that there were no indications on the copies of the tickets themselves that convictions had been obtained or that fines had been paid.[2] He did not deny receiving the tickets or paying the fines, nor was any evidence presented to show that the Department's records were inaccurate.

The hearing officer concluded that the absence of notations on the back of the tickets did not overcome the presumption of correctness of the driving record. He ordered respondent's license suspended for seven months, but granted him a probationary license for employment purposes.

On appeal, the district court reversed the order of suspension, holding that the hearing officer did not have sufficient evidence before him to suspend the license. The Department then appealed the judgment of the trial court to the court of appeals, which affirmed. In its opinion, the court recognized that the records of the Department are official records of the state of Colorado and, as such, are *prima facie* proof of the accuracy of the contents thereof. However, it concluded that since the two 1981 tickets underlying the Department's record contained no findings of guilt and indicated no payment of any fine, that fact alone was sufficient evidence to rebut any presumption of conviction established by the Department's record. *Anadale,* 656 P.2d at 50–51.

## II.

Section 42–2–118(2), C.R.S.1973 (1982 Supp.), states that driving records are official records of the state of Colorado and that copies of such records "shall be admissible in all courts of record and shall constitute *prima facie* proof of the information contained therein."[3] *See People v. Lessar,* 629 P.2d 577 (Colo.1981); *Anderson v. Department of Revenue,* 44 Colo.App. 157, 615 P.2d 51 (1980); *Gillespie v. Department of Revenue,* 41 Colo.App. 561, 592 P.2d 418 (1978). Subsection (2) also describes the records that must be kept by the Department in the following language:

"(2) The department shall also file all accident reports, abstracts of court records of convictions received by it under the laws of this state, departmental actions, suspensions, restrictions, revocations, reinstatements, and other permanent records and, in connection therewith, maintain a driver's history by making suitable notations in order that an individual record of each licensee showing the convictions of such licensee, the departmental actions, and the traffic accidents in which he has been involved, except those accidents not resulting in his conviction and those traffic violations which occur outside of the boundaries of this state, shall be readily ascertainable and available for the consideration of the department upon any application for renew-

---

hearing before a driver's license may be suspended.

2. In his challenge respondent stated:
"I've been advised by my attorney that the Colorado Supreme Court [Colorado Court of Appeals] recently ruled that any indications on the backs of the tickets regarding whether the person was found guilty or paid fines, the tickets are not admissible at a hearing unless they are indicated on the back of a ticket that they have been found guilty and that, and requesting the copies of my tickets before this hearing...."

He also stated:
"On the back of the other two tickets, it is not indicated that I was ever found guilty, that I have paid a fine, and that without ... the record from the computer is not sufficient to be used against me. The computer can make an error, and that the only evidence that can be used against me is the tickets themselves."

3. *Prima facie* evidence is evidence sufficient to establish a given fact and which, if not rebutted or contradicted, will remain sufficient. *Black's Law Dictionary* 1071 (5th ed. 1979).

al of license and at other suitable times." [4]

■ A careful examination of section 42–2–118(2) reveals no statutory requirement that the disposition of a case be noted on the back of a ticket, and there is no requirement that annotated copies of a ticket be retained.[5] The respondent, the district court, and the court of appeals simply assume that the failure of the tickets to bear a notation as to their disposition in some way indicates that there was not a conviction or that a fine was not paid. In our view, such an assumption is not warranted in the absence of any statutory requirement for the tickets to bear such a notation. Neither section 42–2–118(2), nor section 42–4–1510, C.R.S.1973,[6] imposes such a requirement.

The respondent relies on *Hoehl v. Motor Vehicle Department,* 624 P.2d 907 (Colo. App.1980) (*cert. denied* 1981), in support of his position. The facts here are virtually identical to those in *Hoehl,* where the court of appeals concluded that the *prima facie* evidence of the Department's records was rebutted by the introduction of two tickets which contained no indication of whether there had been a subsequent finding of guilt or the payment of a fine. "Since the Department introduced no additional evidence" that its records were correct, the

court determined that "the hearing officer's findings were not supported by the record . . ., and plaintiff's driver's license should not have been revoked." *Id.* at 908.

■ Like the respondent in this case, both parties in *Hoehl* simply assumed that the absence of any notation of disposition on the traffic tickets in question was probative in nature. We now overrule *Hoehl* for the reasons expressed in this opinion. If the applicable statutes required the Department to retain copies of tickets, or, more significantly, if they required the Department to make notations of disposition on the back of tickets, the absence of any notation would have some probative value. However, since the legislature has not imposed such a mandate, the failure to include a notation is as consistent with a finding of guilty as it is with a finding of not guilty. In our opinion, the absence of any notation is a neutral factor that does not tend to show any particular disposition. We conclude, therefore, that the mere absence of any notation on traffic tickets concerning their disposition does not overcome the presumption of correctness of the Department's driving records. Under section 42–2–118(2), a driving record is *"prima facie* proof of its contents, including convictions, without the necessity of looking behind the

4. The language of subsection (2) is mandatory. *People v. Yount,* 174 Colo. 462, 484 P.2d 1203 (1971).

5. Respondent argues that the directive in section 42–2–118(2) "clearly requires convictions for traffic offenses to be noted on and to underlie the history record." He suggests that the record referred to in the statute consists of the tickets themselves. We conclude, however, that the record on which "suitable notations . . . showing the convictions of [the] licensee" must be made consists primarily of the official computerized summary of the licensee's driving history. Anyone wishing to challenge the convictions listed on the summary will still have ample opportunity to do so. We reiterate that, in this case, respondent offered no evidence that the records of the Department were inaccurate, only that, in his view, they were incomplete. *Compare Zaba v. Motor Vehicle Division,* 183 Colo. 335, 516 P.2d 634 (1973) (the mere statement of the licensee's attorney challenging the accuracy of the Department's

driving records "cannot be viewed as evidence in the absence of any testimony or other records which might place in issue the accuracy of the records").

6. Section 42–4–1510 requires every judge of a court not of record and every clerk of a court of record to prepare and forward to the Department an abstract of the record of said court covering every case in which a person was convicted or forfeited bail. The abstract shall include the person's name, address, and driver's license number, registration number of the vehicle, nature of the offense, date of hearing, plea, the judgment or whether bail was forfeited, and the amount of the fine or forfeiture. We recognize that, in situations involving more serious traffic tickets, where the driver is ordered to appear in court, or in situations where the driver elects to contest a penalty-assessment ticket, the ticket itself with appropriate notations often serves as the court abstract required by section 42–4–1510.

records to the underlying tickets." *Gillespie,* 41 Colo.App. at 564, 592 P.2d at 420.

Accordingly, we reverse the judgment of the court of appeals and remand for further proceedings consistent with this opinion.

KIRSHBAUM, J., does not participate.