Billy Ray LAUGHLIN,
Plaintiff–Appellant,

v.

STATE of Colorado and Alan N. Charnes,
Director of Department of Revenue, De-
fendants–Appellees.

No. 79CA0955.

Colorado Court of Appeals,
Div. I.

May 29, 1980.

Rehearing Denied June 26, 1980.

Certiorari Granted Sept. 29, 1980.

Feuer, Flossic & Rich, Philip A. Cherner,
Dana L. Larson, Denver, for plaintiff–ap-
pellant.

J. D. MacFarlane, Atty. Gen., Richard F.
Hennessey, Deputy Atty. Gen., Mary J.
Mullarkey, Sp. Asst. Atty. Gen., Richard H.
Forman, Asst. Atty. Gen., Denver, for de-
fendants–appellees.

KELLY, Judge.

Billy Ray Laughlin appeals the judg-
ment of the district court affirming the
revocation of his driver's license under the
habitual offender statutes. *See* §§ 42–2–
202 and 42–2–203, C.R.S.1973. He argues
that the hearing officer should have permit-
ted him to attack the validity of an underly-
ing conviction for driving while his ability
was impaired because of the trial court's
failure to comply with the requirements of
Crim. P. 11(b) before accepting his guilty
plea. We agree and therefore reverse.

In *Anderson v. Colorado Depart-
ment of Revenue*, Colo.App., 615 P.2d 51
(announced March 27, 1980), we held that a
jurisdictional challenge to a conviction may
be raised at a driver's license revocation
hearing because a void judgment is subject
to attack directly or collaterally at any
time. Likewise, since a conviction based on
a guilty plea accepted in violation of Crim.
P. 11(b) is constitutionally infirm, it may be
challenged in a later proceeding to impose a
statutory liability, *see People v. Heinz*, 197
Colo. 102, 589 P.2d 931 (1979), and such a
challenge may also be raised at a license
revocation hearing.

The question remains, however, whether a trial court must comply with the requirements of Crim. P. 11(b) before accepting a guilty plea to the charge of driving while impaired. We hold that it must. In *Cave v. Department of Revenue*, 31 Colo. App. 185, 501 P.2d 479 (1972), responding to a challenge to a guilty plea to a speeding violation, the court held that more simplified procedures than those prescribed in Crim. P. 11(b) could properly be used for receiving guilty pleas in "minor traffic offenses." Driving while impaired, however, is not a minor traffic offense since the person convicted is subject to possible imprisonment. *See* § 42–4–1501(2)(a), C.R.S. 1973 (1979 Cum.Supp.); *cf. Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, 538 (1972); *People v. Lucero*, 196 Colo. 276, 584 P.2d 1208 (1978). Furthermore, in *Heinz, supra*, the court assumed that Crim. P. 11(b) applied to the acceptance of a guilty plea to the charge of driving while impaired.

Here, Laughlin offered evidence to show that the trial court did not strictly adhere to the requirements of Crim. P. 11(b) in accepting his guilty plea to driving while impaired. If the requirements of the rule were not followed, the guilty plea is subject to collateral attack.

The judgment is reversed and the cause is remanded to the district court with directions to remand the cause to the hearing officer for further proceedings and such factual determinations as may be appropriate.

COYTE and SMITH, JJ., concur.