Charles EWING, Plaintiff-Appellant,

v.

MOTOR VEHICLE DIVISION, DEPARTMENT OF REVENUE, STATE OF COLORADO, Defendant-Appellee.

No. 80CA0316.

Colorado Court of Appeals, Div. I.

Oct. 23, 1980.

Rehearing Denied Dec. 18, 1980.

Certiorari Denied Feb. 9, 1981.

Richard M. Borchers, P. C., Richard M. Borchers, Westminster, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., Denver, for defendant-appellee.

COYTE, Judge.

Plaintiff appeals the judgment of the district court affirming the Department of Revenue hearing officer's decision to extend plaintiff's driver's license suspension. We affirm.

At the administrative hearing, the following facts were established. In October 1978, the Department mailed to plaintiff an order of suspension of his driver's license; however, plaintiff did not receive this notice. On December 26, 1978, plaintiff was stopped for speeding, but was not notified of the suspension. In April 1979, plaintiff was again stopped while driving his automobile, and this time he was notified that he was driving under suspension.

At plaintiff's request a hearing before the Department was held on May 30, 1979. The hearing officer suspended plaintiff's license until June 25, 1979.

On June 7, 1979, plaintiff was convicted of the December 26, 1978, speeding charge. On July 11, 1979, plaintiff received notice that the original suspension of his driver's license had been extended until June 6, 1980. After a hearing on this extension, plaintiff's suspension was extended until March 1980, rather than June 6, 1980.

Plaintiff raises three issues on appeal. First, did the trial court err in ruling that Department of Revenue Regulation 2–130.3 complies with § 42–2–130(3), C.R.S. 1973?

Second, did the trial court err in ruling that the Department properly extended the suspension of plaintiff's driver's license? Third, did the trial court err in ruling that plaintiff improperly was denied consideration of a probationary license? We answer each of these questions in the negative.

I.

Department of Revenue Regulation 2–130.3, concerning situations where a conviction occurs during a period of suspension provides in pertinent part:

"If the original order of suspension was mailed to the driver's correct address as required under C.R.S. 1973 42–2–117(2), and if there is no evidence that the address was corrected prior to the date of the mailing in accordance with C.R.S. 1973 42–2–117(1), the extension will be for nine months from the date of conviction of the offense that occurred while under suspension."

Section 42–2–130(3), C.R.S. 1973, provides that:

"If it appears that said offense was committed while the license or operating privilege of such person was suspended, the department may renew or extend the period of suspension for an additional period."

█ Plaintiff argues that the discretionary language of the statute is contravened by the mandatory character of the suspension specified in the regulation. However, contrary to the contention of the plaintiff, the statute does not mandate the exercise of discretion by the department. The statute merely permits the department to exercise the power to renew or extend the period of a suspension.

II.

Second, plaintiff contends that the hearing officer failed to make a proper determination that plaintiff had sufficient notice of the original order of suspension to justify the extension of his suspension under Regulation 2–130.3. Plaintiff argues that the hearing officer failed to consider his own

finding that the plaintiff had no knowledge of his initial suspension.

 Regulation 2–130.3 incorporates the notice requirements of § 42–2–117, C.R.S. 1973, which provides that registered mail, return receipt requested, to the last known address as shown by the records of the Motor Vehicle Division shall be sufficient notice. The hearing officer found that the plaintiff had proper notice under this statute. Since actual knowledge is not required under the statute, the hearing officer properly did not consider evidence of plaintiff's actual knowledge of his suspension.

### III.

Third, plaintiff argues that his right to a hearing was pursuant to § 42–2–123, C.R.S. 1973, and thus all powers in that statute, including particularly the right to grant a probationary license, are applicable to his extension hearing.

Plaintiff recognizes that administrative agencies are legally bound to comply strictly with enabling statutes, *Rodgers v. Atencio,* Colo.App., 608 P.2d 813 (1979), yet his argument would extend the Department's power to issue a probationary license, granted at § 42–2–123(11), C.R.S. 1973, to all hearings under § 42–2–130, C.R.S. 1973.

 The power to grant a probationary license is provided for in § 42–2–123(11), C.R.S. 1973, only, and that subsection is specifically limited to original suspension hearings. Thus, only in an original suspension hearing may the department grant a probationary license, and such discretion may not be exercised under proceedings concerned with the renewal or extension of a period of suspension under § 42–2–130(3), C.R.S. 1973.

Judgment affirmed.

PIERCE and RULAND, JJ., concur.