STATE of Colorado and Alan N. Charnes, Director of Department of Revenue, Petitioners,

v.

Billy Ray LAUGHLIN, Respondent.

No. 80SC200. ·

Supreme Court of Colorado, En Banc.

Sept. 14, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Richard H. Forman, Asst. Atty. Gen., Denver, for petitioners.

Feuer, Flossic & Rich, Philip A. Cherner, Denver, for respondent.

ERICKSON, Justice.

We granted certiorari to review *Laughlin v. State*, Colo.App., 618 P.2d 689 (1980). We reverse the court of appeals and remand to the court of appeals with directions to affirm the judgment of the district court.

The facts are not in dispute. Prior to the revocation of his driver's license by the Department of Revenue, respondent Laughlin had accumulated a substantial number of traffic offense convictions.[1] On April 23, 1979, Laughlin appeared with counsel at a departmental revocation hearing and was found to be an habitual offender by the hearing officer. Section 42-2-202, C.R.S.

---

1. The record shows that Laughlin had been convicted of the following pertinent traffic offenses within a five-year period:

February 21, 1974, speeding (4 points); May 22, 1974, speeding (4 points); June 10, 1974, speeding (4 points); July 29, 1974, careless driving (4 points); September 20, 1976, speeding (4 points); June 5, 1977, improper passing (4 points); June 10, 1977, driving while ability impaired (8 points); August 2, 1978, speeding (4 points); and August 29, 1978, driving while ability impaired (8 points). Laughlin was also convicted for driving while under suspension on August 2, 1978.

1973.[2] After a full hearing, Laughlin was barred from operating a motor vehicle for a period of five years. Section 42–2–203, C.R.S.1973.

At the revocation hearing, Laughlin offered evidence that his August 29, 1977 conviction for driving while impaired (section 42–4–1202(1)(b), C.R.S.1973), was improper because the requirements of Crim.P. 11(b) were not met at the time he entered his guilty plea in the county court. The hearing officer concluded that she had no authority to set aside the August 29, 1977 conviction on the basis of alleged errors at the providency hearing in the county court.

 The issue before this court is whether a guilty plea before a trial court is subject to collateral attack on constitutional grounds in a license revocation hearing. The administrative proceeding to revoke the driver's license of an habitual offender is a civil proceeding. *People v. McKnight*, Colo., 617 P.2d 1178 (1980); *People v. Able*, Colo., 618 P.2d 1110 (1980). The only issue to be determined at the license revocation hearing is "whether the licensee has sustained the requisite number of convictions for specified traffic offenses within the prescribed period of time, all as established by statute." *People v. McKnight, supra*, at 1184. Section 42–2–123, C.R.S.1973. The hearing officer's determination is made by reference to the licensee's driving record, as reflected in the department's records. *People v. McKnight, supra. See also, Gillespie v. Department of Revenue*, 41 Colo.App. 561, 592 P.2d 418 (1978). At the administrative hearing, it is the licensee's responsibility to challenge alleged mistakes in the records of the department as to his driving history, but he may not relitigate the issue of guilt as to the offenses shown on his record. *People v. McKnight, supra; Zaba v. Motor Vehicle Division*, 183 Colo. 335, 516 P.2d 634 (1973). Thus, even if a licensee has a meritorious claim that an underlying conviction is not valid, the department hearing officer cannot ignore the conviction until it has been ruled invalid and set aside by a court.

 The court of appeals improperly extended the rationale of *People v. Heinz*, 197 Colo. 102, 589 P.2d 931 (1979), to support the conclusion that a constitutional challenge of an underlying conviction may be raised at a license revocation hearing. *Laughlin v. State*, Colo.App., 618 P.2d 689 (1980). In a criminal proceeding instituted pursuant to section 42–2–206, C.R.S.1973, a defendant may attack the constitutionality of his conviction for a traffic offense which provides the basis for his habitual traffic offender status. *People v. DeLeon*, Colo., 625 P.2d 1010 (1981); *People v. Roybal*, Colo., 618 P.2d 1121 (1980) (*Roybal* I); *People v. Able, supra; People v. Heinz, supra*. His right to assert a constitutional defense exists because an unconstitutionally obtained conviction cannot be used in a later proceeding to support guilt or enhance punishment. *People v. Roybal, supra*. However, a defendant cannot invoke a constitutional defense in an administrative departmental hearing where the sole purpose is to determine if the department's records of the licensee's traffic offense convictions support the revocation of the licensee's driver's license pursuant to section 42–2–203, C.R.S.1973.

We reverse the court of appeals and remand with directions to affirm the judgment of the district court.

---

**2.** Section 42–2–202(2), C.R.S.1973, defines an habitual offender as a person who has sustained, within a seven-year period, three or more convictions for operating a motor vehicle while his ability is impaired by the use of intoxicating liquor or drugs, or operating a motor vehicle while his license has been suspended. Section 42–2–202(3), C.R.S.1973, defines an ha-bitual offender as a person who has sustained, within a five-year period, ten or more convictions for separate and distinct offenses involving moving violations which provide for an assessment of four or more points each. The hearing officer found that Laughlin was an habitual traffic offender under subsections (2) and (3) of Section 42–2–202, C.R.S.1973.