William K. SCHMIDT, Plaintiff-Appellee,

v.

COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Marvin Heller, Defendants-Appellants.

No. 82CA0289.

Colorado Court of Appeals,
Div. I.

Sept. 2, 1982.
Rehearing Denied Sept. 30, 1982.
Certiorari Denied Dec. 13, 1982.

William R. Dowhan, Aurora, for plaintiff-appellee.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, James R. Willis, Sp. Asst. Attys. Gen., Denver, for defendants-appellants.

KELLY, Judge.

The Motor Vehicle Division of the Department of Revenue appeals the judgment of the district court remanding the case to the hearing officer with directions to grant a probationary license to William K. Schmidt. The Department argues that the trial court erred in ruling that the mandatory probationary license requirement of § 42–2–123(13)(a), C.R.S.1973 (1981 Cum. Supp.) applies to Schmidt's revocation proceedings. We agree, and reverse.

In January 1981, a hearing was held before the Department to determine whether Schmidt's driver's license should be suspended for accumulation of twelve points in a twelve-month period. It is uncontroverted that the conviction on which the proceedings were based was for eluding a police officer, a twelve-point offense. It is also uncontroverted that Schmidt had two prior convictions for driving while ability impaired. The record of the hearing before the hearing officer shows that Smith pleaded guilty to eluding a police officer pursuant to a plea bargain in which the original charge of driving under the influence was dismissed. The hearing officer suspended Schmidt's driver's license for twelve months and denied probationary driving privileges.

Schmidt appealed this decision to the district court, which affirmed the twelve-month suspension but remanded the case to the Department with directions to grant Schmidt a probationary license. The basis for this ruling was that, because Schmidt had been drinking at the time the eluding offense was committed, it was an alcohol-related offense which requires the application of the provisions of § 42–2–123(13)(a), C.R.S.1973 (1981 Cum.Supp.). We disagree.

The portion of § 42–2–123(13)(a) so interpreted by the trial court provides:

"If there is no other statutory reason for denial of a probationary license, any individual who has had his license suspended by the department because of, at least in part, a conviction for an offense specified in paragraph (b) of subsection (5) of this section shall be entitled to a probationary license pursuant to subsection (11) of this section for the purpose of driving for reasons of employment, education, health, or alcohol and drug education or treatment ..."

The offenses listed in paragraph (b) of subsection (5) are: driving while intoxicated or under the influence of drugs and driving while ability is impaired by the consumption of alcohol.

The trial court ruled that, regardless of the plea bargain reducing the offense to that of eluding a police officer, the license suspension by the Department was "at least in part" based on an alcohol-related offense. The facts do not lend themselves to such an application of the statute. The record shows that Schmidt was convicted of the offense of eluding a police officer, and this offense carries a twelve-point penalty. *See* § 42–2–123(5)(x), C.R.S.1973. It was on the basis of this offense that the license suspension was imposed, and the trial court properly affirmed this portion of the Department's order. Had there been no plea bargain, Schmidt would have been classified as an habitual offender subject to the absolute prohibition against driving for a period of five years, as provided in § 42–2–205(1)(a), C.R.S.1973.

Schmidt cannot have it both ways. He cannot avoid the statutory consequences of three convictions for alcohol-related offenses, *see* § 42–2–202(2)(a)(I), C.R.S.1973, by plea-bargaining the charge to a nonalcohol-related offense, and thereafter successfully assert the inconsistent position that he is entitled to the protection of § 42–2–123(13)(a), when seeking a probationary license. *Cf. State v. Laughlin,* 634 P.2d 49 (Colo.1981) (basis for conviction may not be collaterally attacked at revocation proceeding).

The judgment is reversed and the cause is remanded to the trial court with directions to set aside that portion of its judgment ordering the Department to grant Schmidt a probationary license and to affirm the Department's suspension and denial of probationary license.

ENOCH, C.J., and COYTE, J., concur.