Scott Raymond HARRIS,
Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION,
Defendant-Appellee.

No. 84CA0850.

Colorado Court of Appeals,
Div. I.

Dec. 5, 1985.

---

Leonard I. Frieling, Boulder, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendant-appellee.

KELLY, Judge.

Plaintiff, Scott Raymond Harris, appeals the judgment of the trial court affirming the order of the Department of Revenue which extended the suspension of plaintiff's driver's license. We affirm.

In May 1982, plaintiff's driver's license was suspended by the Motor Vehicle Division of the Department of Revenue (department) under the points assessment system outlined in § 42–2–123, C.R.S. (1984 Repl. Vol. 17). Although notice of suspension was sent to plaintiff's last known address by certified mail, return receipt requested, he did not receive the notice because he had moved from that address without notifying the department as required by § 42–2–117(1), C.R.S. (1984 Repl.Vol. 17).

In April 1983, this suspension was extended a year pursuant to § 42–2–130(3), C.R.S. (1984 Repl.Vol. 17) for plaintiff's conviction in January 1983 of a speeding offense while under suspension. Again, and for the same reason, the notice of suspension extension mailed by certified mail, return receipt requested, went unclaimed.

Thereafter, during a routine traffic stop in Boulder, Harris was informed that his driver's license had been suspended. He requested and received a suspension-extension hearing in September 1983, at which he conceded that he had committed a speeding offense in September 1982, but asserted that the original suspension was invalid. He presented evidence and argument to support his position that he was entitled to accumulate the point total accorded a chauffeur under § 42–2–123(1)(a), C.R.S. (1984 Repl.Vol. 17), and that, since he was

below that limit, the suspension was invalid.

Although the hearing officer found that the plaintiff was indeed entitled to be considered a chauffeur for purposes of the suspension statute, he concluded that he could not rule on the propriety of the original suspension in the subsequent suspension-extension hearing. Accordingly, the hearing officer issued a final order extending the suspension of plaintiff's driver's license for a period of one year from the date plaintiff would otherwise have been eligible for reinstatement of his license. The district court affirmed these rulings.

The plaintiff's argument is that, because the hearing officer found as a fact that the plaintiff was entitled to be treated as a chauffeur at the original suspension hearing, the department was without authority to extend the suspension, and should, therefore, have reinstated his driving privilege. To fail to reinstate his driving privilege under these circumstances, plaintiff asserts, results in a deprivation of due process. We disagree.

■ Preliminarily, we note that the plaintiff does not argue the constitutional infirmity of the convictions underlying the suspension of his driver's license. *See State v. Laughlin*, 634 P.2d 49 (Colo.1981); *People v. Mascarenas*, 632 P.2d 1028 (Colo. 1981). Neither does he argue any deficiency in the statutory notice procedures authorized by § 42–2–117, C.R.S. (1984 Repl.Vol. 17), which were followed by the department. *See People v. Lessar*, 629 P.2d 577 (Colo.1981); *Ewing v. Motor Vehicle Division*, 624 P.2d 353 (Colo.App.1980). Thus, the argument reduces to a question of the authority of the department to entertain a collateral challenge to its own prior suspension proceedings. We conclude that § 42–2–130(3), C.R.S. (1984 Repl.Vol. 17) does not invest the department with discretion to grant driving privileges to one who has been convicted in a constitutional manner of an offense committed while his operator's license was suspended.

We are aware that in *Ewing v. Motor Vehicle Division, supra,* a previous version of this statute was held to grant discretion to the department to exercise the power to "renew or extend the period of suspension." This statute, however, was amended to its present form after *Ewing. See generally Allen v. Charnes*, 674 P.2d 378 (Colo.1984). It now provides:

"The department, upon receiving a record of conviction or accident report of any person for an offense committed while operating a motor vehicle, *shall* immediately examine its files to determine if the license or operating privilege of such person has been suspended or revoked. If it appears that said offense was committed while the license or operating privilege of such person was revoked or suspended, the department *shall not issue* a new license or grant any driving privileges for an additional period of one year after the date such person would otherwise have been entitled to apply for a new license or for reinstatement of a suspended license...." (emphasis added)

■ Absent a collateral challenge to the underlying conviction based on constitutional grounds, the only issue to be determined at a suspension-extension hearing is whether the driver has sustained a conviction for an offense committed while operating a motor vehicle during a period when his driving privilege was revoked or suspended. *See State v. Laughlin, supra.* The extension of the suspension involves no discretion on the part of an administrator and cannot, therefore, be subject to an abuse of discretion. *See Elizondo v. State*, 194 Colo. 113, 570 P.2d 518 (1977).

■ Here, the plaintiff does not assert that there was any error in the department's records concerning his driving record. Neither does he argue the constitutional invalidity of the conviction upon which the extension of his suspension rests. Rather, he wishes to relitigate the issue of the number of points to which he was entitled in the original suspension proceedings. For this issue to be resolved, it must be presented in the original suspension proceedings in which it is the obli-

gation of the driver to challenge errors in the department's records. *See State v. Laughlin, supra.*

■ The plaintiff argues, nevertheless, that the procedures provided in § 42–2–130(3), C.R.S. (1984 Repl.Vol. 17) were found in *Harris v. State of Colorado,* 516 F.Supp. 1128 (D.Colo.1981) to be violative of the due process requirements of the United States Constitution. The federal *Harris* case is inapposite. There, the court interpreted a regulation of the department as depriving the department of discretion to grant or deny a suspension under the statute. Here, the plaintiff was granted a hearing prior to extension of his suspension at which he did not challenge either the notice provisions of § 42–2–130(3), C.R.S. (1984 Repl.Vol. 17), or the constitutional validity of the conviction on which the extension was based. Thus, the extension was mandated only because of the plaintiff's failure to comply with § 42–2–117, C.R.S. (1984 Repl.Vol. 17), and he has been accorded due process at every stage of these proceedings.

The judgment is affirmed.

PIERCE and BABCOCK, JJ., concur.