**William George DAVIDSON,
Petitioner–Appellant,**

v.

**STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Dee Hartman, Director, and Charles Craig, Hearing Officer, Respondents–Appellees.**

**No. 98CA1107.**

Colorado Court of Appeals,
Div. II.

June 10, 1999.

Kyle Ipson, Durango, Colorado, for Petitioner–Appellant.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General,

Michael E. McLachlan, Solicitor General, John Daniel Dailey, Assistant Solicitor General, Ceri C. Williams, Assistant Attorney General, Denver, Colorado, for Respondents–Appellees.

Opinion by Judge VOGT.

Plaintiff, William George Davidson, appeals the trial court judgment affirming the order of defendant, Colorado Department of Revenue, Motor Vehicle Division (Department), suspending his driver's license. We affirm.

In December 1996, plaintiff, a Colorado resident, was issued a citation for speeding in the state of Oklahoma. When plaintiff failed to pay the required fine, Oklahoma's department of public safety sent the Department a "Request for Suspension," asking the Department to suspend plaintiff's Colorado driver's license in accordance with the provisions of the Nonresident Violator Compact (Compact). Both Colorado and Oklahoma are parties to the Compact. *See* § 24–60–2101, et seq., C.R.S.1998; Okla. Stat. tit. 47, § 790 (1991).

The Department notified plaintiff that it had received the suspension request from Oklahoma. That notice identified the violation number, provided plaintiff with an Oklahoma telephone number which he could call to request a receipt showing that the ticket had been paid, and informed plaintiff that his license would be suspended if the Department did not receive verification within one month that the ticket had been paid. The notice also advised plaintiff that he could request a hearing on the matter.

Plaintiff requested and received a hearing before the Department. At that hearing, plaintiff offered into evidence a "motion to dismiss" (actually, a document titled "Non–Statutory Abatement," not bearing any court name or case number) which he claimed to have filed in Oklahoma to obtain dismissal of the traffic citation. He indicated that Oklahoma had neither responded nor given him notice that the motion was insufficient.

Although the hearing officer admitted plaintiff's document for the record, he informed plaintiff that, upon receiving the suspension request from Oklahoma, the Department was obligated to go forward with the suspension and that any issues regarding the propriety of the underlying traffic offense had to be litigated in Oklahoma. The hearing officer then issued an order of suspension.

Plaintiff sought review of the order in the district court, arguing that he was not afforded due process at the suspension hearing. After holding a hearing and reviewing briefs submitted by both parties, the trial court concluded that there had been no violation of plaintiff's due process rights. It therefore affirmed the Department's order suspending plaintiff's driver's license.

### I.

Plaintiff contends that the trial court erred in concluding that his due process rights had not been violated. We disagree.

Due process protections apply to an administrative proceeding to suspend or revoke a driver's license. *Ryan v. Charnes,* 738 P.2d 1175 (Colo.1987). Due process requires, at a minimum, that there be notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Patterson v. Cronin,* 650 P.2d 531 (Colo.1982).

As to the notice and hearing required prior to suspension of a driver's license under the Compact, § 24–60–2101 Article IV(a), C.R.S. 1998, provides:

Upon receipt of a report of a failure to comply from the licensing authority of the issuing jurisdiction, the licensing authority of the home jurisdiction shall notify the motorist and initiate a suspension action, in accordance with the home jurisdiction's procedures, to suspend the motorist's driver's license until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority. Due process safeguards will be accorded.

Other than indicating that suspension actions under the Compact shall be "in accordance with the home jurisdiction's procedures" and that "due process safeguards will be accorded," the Compact does not further

address the scope of any hearing afforded prior to suspension of a driver's license.

In *State v. Laughlin*, 634 P.2d 49 (Colo. 1981), the supreme court held that, at a license revocation hearing, a motorist contesting revocation of his driver's license did not have the right to raise constitutional challenges to an underlying conviction for driving while impaired. Noting that a license revocation proceeding is a civil proceeding, the court continued:

> At the administrative hearing, it is the licensee's responsibility to challenge alleged mistakes in the records of the department as to his driving history, but he may not relitigate the issue of guilt as to the offense shown on his record.... Thus, even if a licensee has a meritorious claim that an underlying conviction is not valid, the department hearing officer cannot ignore the conviction until it has been ruled invalid and set aside by a court.

*State v. Laughlin, supra,* 634 P.2d at 51.

■ The trial court found *Laughlin* dispositive of plaintiff's claim, and we agree. Contrary to plaintiff's arguments, we perceive no basis for concluding that a driver facing license suspension pursuant to the Compact is entitled to a hearing that is broader in scope than that afforded a driver facing license revocation. In neither case does due process require that the driver be permitted to litigate the issue of guilt as to the offense upon which the suspension or revocation is based.

We note that this interpretation of the scope of a suspension hearing under the Compact is consistent with the procedural manuals provided to state agencies that administer the Compact. These manuals indicate that suspension hearings should afford a motorist an opportunity to show either that he or she is not the person to whom the citation was issued or that the citation has been resolved, but are not intended to determine guilt or innocence as to the charged traffic violations. *See Non–Resident Violator Compact Operations Manual* 13 (1990); *Non–Resident Violator Compact (Guidelines for Motor Vehicle Administrators) Administrative Procedures Manual* 19 (1994).

Because plaintiff did not have the right to challenge the validity of the underlying Oklahoma traffic citation at the suspension hearing, the hearing officer's refusal to permit him to do so was not a violation of his right to due process.

## II.

■ We likewise reject plaintiff's related contention that suspension of his license under § 24–60–2101 Article IV(a) was improper because he "complied" with the citation by moving to dismiss it.

Even if we were to construe the document offered into evidence by plaintiff as a motion to dismiss the citation, this would not amount to "compliance" with the citation sufficient to avoid suspension.

■ Under the Compact, compliance must involve some form of complete resolution of the underlying citation. *See State v. Hudon,* 243 Kan. 725, 763 P.2d 611 (1988)(purpose of Compact is to compel the nonresident violator to make peace with the issuing jurisdiction by paying the fine or contesting the action to a final resolution). Construing a motion to dismiss as compliance with the terms of a citation would be inconsistent with the Compact's stated purpose of furthering cooperation among participating jurisdictions in obtaining compliance with their respective traffic laws. *See* § 24–60–2101 Article I(b)(3), C.R.S.1998.

It was undisputed that plaintiff was the individual who received the Oklahoma citation and that he had not complied with the citation by paying the fine. Thus, the Department was required under § 24–60–2101 Article IV(a) to suspend his license.

The judgment is affirmed.

Judge PLANK and Judge JONES concur.