**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

INA JEAN DENNY,

      Plaintiff-Appellant,

  v.

BILL RICHARDSON; KEN ORTIZ;
NEW MEXICO MOTOR VEHICLE
DIVISION; STATE OF NEW
MEXICO,

      Defendants-Appellees.

No. 06-2234
(D.C. No. 05-CV-415-JP/RHS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Ina Jean

Denny, a resident of New Mexico who is proceeding pro se, claims that

defendants violated her right to procedural due process when they refused to

allow her to renew her New Mexico driver's license. Following a bench trial, the

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court entered judgement in favor of defendants on Ms. Denny's procedural due process claim, and she is now appealing that judgment. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude that Ms. Denny does not have standing to assert a procedural due process claim. We therefore dismiss this appeal for lack of subject matter jurisdiction, and remand with instructions to the district court to vacate its prior judgment and dismiss Ms. Denny's complaint without prejudice for lack of subject matter jurisdiction.

## I.

At the bench trial, the district court heard testimony from Ms. Denny and defendant Ken Ortiz, the Director of the New Mexico Motor Vehicle Division. Ms. Denny has not submitted a transcript of the trial to this court. Following the trial, however, the district court entered written findings of fact and conclusions of law, and we can resolve the issues in this appeal based on those findings and conclusions. Specifically, the district court made the following findings of fact:

> 1. On November 16, 2003, an Arizona Department of Public Safety law enforcement officer stopped Plaintiff in Kingman, Arizona because he believed that Plaintiff was driving erratically.
>
> 2. This stop resulted in the State of Arizona issuing Plaintiff a traffic citation for failure to provide proof of automobile insurance, improper use of a two way left hand turn lane, unsafe lane use, and failure to carry an automobile registration card. . . .
>
> 3. The fines and fees associated with the Arizona traffic citation total $1,194.24. . . .

4. Plaintiff has not paid the fines and fees associated with the Arizona traffic citation and does not intend to do so because Plaintiff sincerely believes that she was not driving erratically and that she did not violate any of the Arizona traffic laws and because she did, in fact, furnish proof of insurance to the Arizona police officer who stopped her.

5. Plaintiff has taken no actions under Arizona procedures in Arizona to have the traffic citation, fines, and fees nullified or set aside.

6. The State of Arizona and the State of New Mexico as well as other states have entered into the Nonresident Violator Compact. NMSA 1978, § 66-8-137.1 to § 66-8-137.4 (1981).

7. Article IV, section A of the Nonresident Violator Compact states that:

> Upon receipt of a report of a failure to comply from the licensing authority of the issuing jurisdiction, the licensing authority of the home jurisdiction shall notify the motorist and initiate a suspension action, in accordance with the home jurisdiction's procedures, to suspend the motorist's driver's license until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority. Due process safeguards will be afforded.

8. When the Plaintiff went to the New Mexico Motor Vehicle Division to renew her driver's license which expired on September 13, 2004, the New Mexico Motor Vehicle Division refused to renew Plaintiff's New Mexico driver's license, because it had been notified by the State of Arizona that Plaintiff had not paid the fines and fees of the November 16, 2003 Arizona traffic citation. This decision to not renew Plaintiff's driver's license was made in order to comply with Article IV, section A of the Nonresident Violator Compact.

9. The New Mexico Motor Vehicle Division will not renew Plaintiff's driver's license until Plaintiff has paid the outstanding Arizona fines and fees.

R., Doc. 50 at 1-2.

After noting that Ms. Denny brought "this lawsuit . . . under 42 U.S.C. § 1983 for alleged violations of constitutional rights of due process resulting from the Defendants' refusal to renew [her] driver's license," *id.* at 3, the district court rejected Ms. Denny's due process claim for two reasons. First, the court concluded that "Defendants State of New Mexico and New Mexico Motor Vehicle Division are immune from suit under the Eleventh Amendment of the United States Constitution." *Id.* Ms. Denny has not challenged this ruling in this appeal, and we therefore do not need to consider it.[1] *See Lifewise Master Funding v. Telebank*, 374 F.3d 917, 927 n.10 (10th Cir. 2004) (holding that appellant waived right to appeal district court rulings that it did not substantively address in its opening brief). Second, the court found that Ms. Denny failed to prove that defendants Richardson (the Governor of New Mexico) and Ortiz were liable under § 1983 in their individual capacities. *See* R., Doc. 50 at 4 (stating that "Plaintiff

---

[1] Ms. Denny has likewise failed to challenge the district court's determination that she failed to comply with the notice requirements in the New Mexico Tort Claims Act and "failed to prove by a preponderance of the evidence that she is entitled to relief against Defendants Richardson and Ortiz under the New Mexico Tort Claims Act." R., Doc. 50 at 4. As a result, to the extent that plaintiff was pursuing tort claims under the New Mexico Tort Claims Act in the district court proceedings, those claims have been waived in this appeal.

has not proven by a preponderance of the evidence that Defendants Richardson and Ortiz have violated any of her constitutional rights by following the law as set forth in the Nonresident Violator Compact").

**II.**

Construing her pro se appellate briefs and district court pleadings liberally, as we are required to do, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Ms. Denny's main complaint is that the New Mexico Motor Vehicle Division did not provide her with a hearing, either before or after the refusal to renew her driver's license, so she could prove that she was not guilty of the underlying Arizona traffic offenses. Like the district court, we will analyze Ms. Denny's due process claim with the understanding that the Motor Vehicle Division's refusal to renew her driver's license was in effect a de facto suspension of her license. *See* R., Doc. 50 at 2, ¶ 7-8.

The United States Supreme Court has held without qualification that a state may not suspend a person's driver's license "without that procedural due process required by the Fourteenth Amendment." *Bell v. Burson*, 402 U.S. 535, 539 (1971); *accord Dixon v. Love*, 431 U.S. 105, 112 (1977); *see also Maso v. N.M. Taxation and Revenue Dep't*, 96 P.3d 286, 289 (N.M. 2004) ("Due process requires notice and an opportunity for a hearing before the State can suspend or revoke a person's driver's license."). It is also clear that: (1) "[d]ue process protections apply to an administrative proceeding [under the Nonresident Violator

Compact] to suspend . . . a driver's license," *Davidson v. Colo. Dep't of Revenue*,

981 P.2d 696, 697 (Colo. Ct. App. 1999); and (2) "[d]ue process requires, at a

minimum, that there be notice and an opportunity to be heard at a meaningful

time and in a meaningful manner," *id.* We also note that the New Mexico driver's

license suspension statute specifically provides for such procedural protections, as

the statute provides that "[u]pon suspending the license of a person as authorized

by this section, the [Motor Vehicle Division] shall immediately notify the

licensee in writing and upon his request shall afford him an opportunity for a

hearing as early as practicable within not to exceed twenty days." N.M. Stat.

Ann. § 66-5-30(B).

In the context of a license suspension action under the Nonresident Violator

Compact, however, the right to a hearing in the driver's home state does not

include a right to litigate the issue of guilt as to the underlying traffic offense

charged in the other state. Instead, the scope of the hearing is quite limited. As

the Colorado Court of Appeals explained in *Davidson*:

> Contrary to plaintiff's arguments, we perceive no basis for
> concluding that a driver facing license suspension pursuant to the
> Compact is entitled to a hearing that is broader in scope than that
> afforded a driver facing license revocation. In neither case does due
> process require that the driver be permitted to litigate the issue of
> guilt as to the offense upon which the suspension or revocation is
> based.
>
> We note that this interpretation of the scope of a suspension
> hearing under the Compact is consistent with the procedural manuals
> provided to state agencies that administer the Compact. These

-6-

manuals indicate that suspension hearings should afford a motorist an opportunity to show either that he or she is not the person to whom the citation was issued or that the citation has been resolved, but are not intended to determine guilt or innocence as to the charged traffic violations. *See Non-Resident Violator Compact Operations Manual* 13 (1990); *Non-Resident Violator Compact (Guidelines for Motor Vehicle Administrators) Administrative Procedures Manual* 19 (1994).

*Davidson*, 981 P.2d at 698.

There is no indication in the record before this court that Ms. Denny was afforded an opportunity for a hearing to challenge the de facto suspension of her driver's license. Ms. Denny has never claimed, however, that she is not the person to whom the Arizona traffic citation was issued, and it is likewise undisputed that Ms. Denny has not paid the fines and fees associated with the citation. Consequently, Ms. Denny has failed to assert a cognizable legal basis for challenging the New Mexico Motor Vehicle Division's de facto suspension of her driver's licence. We therefore conclude that she has no standing to pursue a procedural due process claim against defendants Richardson and Ortiz.[2] This

_____

[2] Although the parties have not addressed standing in this appeal, "[s]tanding . . . raises jurisdictional questions and we are required to consider the issue *sua sponte* to ensure that there is an Article III case or controversy before us." *Rector v. City and County of Denver*, 348 F.3d 935, 942 (10th Cir. 2003) (quotation omitted). "The irreducible constitutional minimum of standing requires plaintiffs to show (1) that they have suffered an injury in fact, (2) that the injury is fairly traceable to the challenged action of the defendant, and (3) that the injury is likely to be redressed by a favorable decision." *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1155 (10th Cir. 2006) (quotations omitted). As set forth herein, Ms. Denny has failed to satisfy the threshold "injury in fact" requirement.

result is dictated by our decision in *Rector v. City and County of Denver*, 348

F.3d 935, 942-45 (10th Cir. 2003), which we have summarized as follows:

> [In *Rector*,] plaintiffs brought a § 1983 action challenging the adequacy of the due process protections afforded to individuals who received parking tickets from the [City of Denver]. Finding one of the main plaintiffs lacked standing to maintain her claim, the court explained that because that plaintiff presented no basis for challenging the ticket on the merits, she sustained no injury in fact from a deprivation of due process. *Id.* at 945.

> In an exceptionally lucid discussion of this issue, the court made clear that although the right to due process in connection with a deprivation of a property interest is absolute, "the Constitution does not protect procedure for procedure's sake." *Id.* at 943. The court explained that the determination whether the denial of due process constitutes an injury in fact "lies in the adoption of an ex ante perspective." *Id.* at 944. In other words, because the plaintiff in *Rector* proffered no defense on the merits, due process would not have affected the outcome, thus the plaintiff sustained no injury through the denial of due process. *See Michael H. v. Gerald D.*, 491 U.S. 110, 127 n.5 . . . (1989) (plurality opinion) (holding that right to a hearing must be premised upon a claim of substantive entitlement to the right sought to be vindicated).

> By contrast, had the plaintiff in *Rector* offered to defend against the parking tickets on the merits, an ex post determination that such a defense would not have succeeded would not alleviate the injury plaintiff would have sustained by the city's failure to afford due process. *See Carey v. Piphus*, 435 U.S. 247, 266 . . . (1978). In such a case, plaintiff would have sustained an injury in fact through her lack of opportunity to convince the city that her ticket was issued erroneously.

*Morgan v. McCotter*, 365 F.3d 882, 888-89 (10th Cir. 2004).

Like the plaintiff in *Rector*, Ms. Denny has failed to proffer a cognizable

legal basis for challenging the de facto suspension of her driver's license (*i.e.*, she

is not the person to whom the Arizona traffic citation was issued or she has paid the fines and fees associated with the citation). Thus, "[a]ny deficiencies in [the New Mexico procedures] . . . caused her no injury, because there was nothing for a hearing to decide." *Rector*, 348 F.3d at 945. Accordingly, Ms. Denny does not have standing to pursue a procedural due process claim.[3] *Id.* We note, however, that nothing in this order and judgment prevents Ms. Denny from attempting to challenge the Arizona traffic citation in the courts of Arizona, and it would appear that such a challenge is the only form of relief available to her.

We DISMISS this appeal for lack of subject matter jurisdiction, and REMAND with instructions to the district court to vacate its prior judgment and dismiss Ms. Denny's complaint without prejudice for lack of subject matter jurisdiction.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[3] In light of our determination that Ms. Denny lacked standing to pursue her district court action, we do not need to address Ms. Denny's arguments that the district court erred by: (1) refusing to grant her a default judgment; (2) refusing to grant her a jury trial; and (3) refusing to grant her recusal motion.