**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LANDREE WAUFORD,

   Plaintiff - Appellant,

v.

BILL RICHARDSON, Governor of the
State of New Mexico; KEN ORTIZ,
Director of Motor Vehicle Division;
MICHAEL SANDOVAL, Director of
Motor Vehicle Division,

   Defendants - Appellees.

No. 11-2034
(D.C. No. 1:10-CV-01158-LFG-GBW)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON**, and **MURPHY**, Circuit Judges.

   After examining the appellate briefs and record, this court has concluded

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

   [*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Proceeding *pro se*, Landree Wauford appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. In the complaint, Wauford asserted due process claims arising from the suspension of his New Mexico driver's license. In 2008, Wauford was driving a vehicle in Ohio when an officer cited him for following too close. Both New Mexico and Ohio are signatories to the Nonresident Violator Compact, which provides that a member state will suspend the driver's license of a resident if he fails to respond to a traffic citation issued by another member state. The clerk of the Ohio municipal court notified Wauford that if he failed to respond to the citation or pay the accompanying fine, notice would be given to the New Mexico licensing authority. Although Wauford now alleges improprieties surrounding the issuance of the citation, he did not challenge the citation in Ohio or pay the fine. As a result, New Mexico suspended his driver's license and Wauford brought this § 1983 suit, asserting violations of his First Amendment right to petition the government and his Fourteenth Amendment right to procedural due process. The claims were asserted against Defendants in both their individual and official capacities.

After the parties consented to proceed before a magistrate judge, Defendants moved to dismiss Wauford's complaint. The magistrate judge considered both parties' arguments and concluded (1) Wauford's claims for money damages against Defendants in their official capacities were barred by the

-2-

Eleventh Amendment, (2) the complaint failed to state a claim against Defendants because Wauford's allegations were conclusory and did not meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007) (holding dismissal of a complaint is appropriate if plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"), and (3) Wauford lacked standing to pursue his procedural due process claims because the grounds on which he sought to challenge the suspension of his license were not available to him in New Mexico, *see Denny v. Richardson*, 234 F. App'x 862, 866 (10th Cir. 2007) (unpublished disposition) (concluding a motorist whose license is suspended under the Nonresident Violator Compact has no "right to litigate the issue of guilt as to the underlying traffic offense charged in the other state").

We have reviewed the record, the parties's briefs, and the applicable law. Wauford's First Amendment claims for money damages against defendants in their official capacities are clearly barred by the Eleventh Amendment and those claims should have been dismissed without prejudice. *See Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 550 (10th Cir. 1978). The magistrate judge correctly concluded Wauford failed to sufficiently plead his remaining First Amendment claims. *See Twombly*, 550 U.S. at 564. Accordingly, those claims were properly dismissed with prejudice. The magistrate judge also correctly concluded Wauford lacks standing to assert his procedural due process claims. *See Rector v. City & County of Denver*, 348 F.3d 935, 943-44 (10th Cir. 2003)

("Unless a person asserts some basis for contesting a governmental deprivation of life, liberty, or property, he is not injured by defective procedures he has no occasion to invoke."). Those claims should have been dismissed without prejudice for lack of subject matter jurisdiction. *See Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice.").

The dismissal of Wauford's complaint is **affirmed**. The matter is **remanded** with instructions to the district court to amend the judgment and dismiss the following claims without prejudice: (1) Wauford's procedural due process claims and (2) his First Amendment claim for damages against defendants in their official capacities.[1]

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]Although these claims should be dismissed without prejudice, Wauford is directly estopped from relitigating the jurisdictional rulings in federal court. *Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 550 (10th Cir. 1978) (holding dismissal without prejudice based on Eleventh Amendment was "death knell of the litigation" in federal court); *Atl. City Mun. Utils. Auth. v. Reg'l Adm'r*, 803 F.2d 96, 103 (3d Cir. 1986) ("[A] dismissal for lack of subject-matter jurisdiction, while 'not binding as to all matters which could have been raised,' is, however, conclusive as to matters actually adjudged.").